KEATON, executor, *et al. vs.* MAYO.

[This case was argued at the last term, and the decision reserved.]

1. Where an auditor reports the evidence before him and his conclusions thereon, such conclusions are *prima facie* correct, but the presumption of correctness may be rebutted, and this may be done by the evidence reported by the auditor as well as by *aliunde* testimony. If no facts are reported, but only results, then evidence outside of the record is essential to sustain the exceptions or overthrow the *prima facie* result.

2. Admissions made with a view to a compromise are not admissible in evidence.

3. Where two partners were engaged in working plantations, one of them managing the business, and the other sold to the firm a plantation by turning it over as a part of the capital, he became a creditor to the full extent of the value of such plantation, and was entitled to payment as a creditor before the firm could be said to make any profits for division.

(a.) The entire case should be tried over, the matters in question should be again referred to the auditor, and the rule prescribed in Gunnell *v.* Bird, 10 Wall., 304, should be applied, as the mode of arriving at the true balance due, if any.

October 9, 1883.

Auditors. Practice in Superior Court. Partnership. Debtor and Creditor. Before Judge Wooten. Dougherty. Superior Court. October Term, 1882.

Reported in the decision.

W. E. Smith; Vason & Alfriend; R. F. Lyon, for plaintiffs in error.

G. J. Wright; D. H. Pope, for defendant.

Jackson, Chief Justice.

The plaintiff in error, Keaton, sued Mayo, defendant in error, for an accounting in equity in respect to certain plantations jointly worked by them, Mayo being the manager, and of course accountable for the profits, after deducting the necessary expenses, and paying for the plantations worked. The plantations were worked some four years, and at the expiration of that time they were divided between the partners, and all the personal property connected with the operation was also divided, but no final settlement of the transaction, the profits, etc., for the four years' operations, was completed, and this bill in equity was brought by Keaton against Mayo for that settlement. There being long and complicated matters of account, the case was referred to an auditor, and was tried before the

judge of the superior court as judge and jury. on law and facts, when he found a balance due to the defendant in error, and the plaintiff in error being dissatisfied with his finding, under the right of excepting reserved to him, brings the case here for review, and assigns as error the overruling of many grounds for a new trial and the denial of that motion by the court. In the view we have taken of the case, we deem it unnecessary to consider all the grounds, as we think a new trial is demanded by some palpable errors set out in some grounds of the motion.

1. It seems that the case was first submitted to a jury, and that the exceptions to the report made by the complainant were all dismissed from their consideration, on the ground that complainant had offered no evidence to support them. It seems that the complainant did offer the facts reported by the auditor himself, as sworn to before him, as evidence that his conclusions or results drawn from these facts were incorrect; and thus the question is made whether the facts the auditor himself reports as the evidence before him can be used as evidence to attack his conclusions thereon? We can see no reason why this may not be done. His result, reached from this evidence, is *prima facie* correct, but it may be rebutted; and if the testimony before him rebutted it, where the necessity of getting more? In · England, no new testimony at all was admissible, and at one time it was questioned in our courts whether new evidence, outside that reported, would be considered on the exceptions. It is now well settled that it will be received and considered, but if it be unnecessary, why go out of the report itself?

It is true that some loose language in reported cases may have carried with it the impression that this court had ruled that the result or summing up of the facts or evidence by the auditor could not be attacked except on evidence outside of the report; but we take it that the meaning intended is, that the result is *prima facie* correct,

v 71-42

and this *prima facie* truth must be overthrown by evi-
dence put in from some legal source by the excepting
party: and surely one legal source is that testimony which
the auditor reports as the basis of his conclusion.   In the
case at bar, the exception went to the mode of his calcula-
tion and to its result, and the facts in the report being con-
ceded to be true, the result reached was excepted to as
wrong.   Why may not that be done to overthrow an error
in figuring?   Why offer more proof, when proof was in,
already reported to hand?   We cannot see the reason for it.

Moreover, when the judge acted as judge and jury, and
therefore fact and law were both under his dominion, he
seems to have adhered to the ruling he made when the
case was before the jury, and before it was removed from
them to him, which we think was clearly wrong, because,
if the matter of calculation—the mode and the accuracy—
be a mixed question of law and fact, he then had all be-
fore him, and the exceptions should have been considered.

Sometimes no facts are reported, or may be reported,
but only results; then, of course, evidence outside of the
report is essential, to sustain the exceptions or overthrow
the *prima facie* result.

2. It appears in the motion for a new trial that witnesses
were permitted to testify to admissions made by Keaton,
who was dead, and his executor made a party at the hear-
ing, or before it, on a settlement of a friendly character
between the partners, made by Gen. Wright, which strikes
us as approaching a compromise, or admissions made in
view of it, and for the purpose of bringing it about.   If so
made, this testimony was clearly inadmissible, and should
have been rejected.   If offered on the next trial, we think
the entire facts connected with that settlement and its
character should be drawn out by the court, and if the ad-
missions were made by Keaton in a friendly effort at
adjustment, and with a view to compromising his rights,
they should be rejected.   Any fact admitted as true with-
out such reference to compromise, would be admissible;

but an admission of the price at which he was willing to let certain things be estimated, for the sake of such friendly settlement, would not be, nor would the quantity of such articles or their weight, if admitted as an inducement to reach such settlement or compromise.

3. But the great point in the case, we think, is the failure of the court, in the mode of calculation adopted, to allow Keaton payment for the capital which he put in the concern, particularly the plantation which he sold to the firm, by turning it over as part of the capital of the firm, before any profits at all should have been estimated as made by it.* Keaton was a creditor of the firm to the full extent of that plantation, and entitled to be paid by the firm as a creditor, before it could be said to make any profits for division, just as much as any other creditor was. Two other plantations were bought and paid for by the firm from strangers; we do not see, in this record, how or in what that sold to it by Keaton was paid for. And the case presents the appearance of one, the managing partner, thus getting largely the advantage of the other, who put into the concern much more of the capital, though the manager received no salary, and put in much less. And this, when that manager had charge of the concern, should have kept books and been able to make a full and clear exposition of the entire business, which has not been done.

We think that justice demands that the entire case be tried *de novo*; that the matters in question be again referred to the auditor, in order that the rule prescribed in Byrd *vs.* Gunnell, 10 Wallace, 304, 307, be applied as the mode of arriving at the true balance due Keaton, if any, (and it appears to us, from this record, there should be some balance) may be applied by a calculation made on the basis of that rule.

*One item in the claim of Keaton was, that he had sold to the firm a plantation, which had been used as part of the capital-stock, but never paid for. Mayo claimed that Keaton received more than he was entitled to, and was indebted to him. The judgment was in favor of Mayo for a balance found due him. Keaton having died, his executor was made a partner. (Rep).

It is therefore ordered that a new trial be granted, and that the matters in controversy be referred again to the auditor, with directions to pursue the mode of calculation prescribed in said case, in 10 Wallace, to ascertain thereby the true state of the account between these parties, of course with the right of excepting to such report for trial in court, if desired.

Inasmuch as most of the other points, if not all of them, relate to the exceptions to the present report, which may never be tried again, and are not valuable as matters of practice, we deem it unnecessary to adjudicate them.

Judgment reversed, with directions.