ing to corroborate a witness for the plaintiff whose testimony had been attacked, and also as bearing upon the question on what day the holder became the owner of the acceptances.

5. One who is a party to the record, when offered to testify in his own favor with respect to the contract or cause of action in issue or on trial is incompetent, if the other party thereto is dead. 71 Ga., 168.

6. The pursuit of one's ordinary avocations on Sunday is an indictable offense, and a party is not bound to testify to such facts against himself; nor should he be subjected to injury for availing himself of the privilege of refusing to answer questions which might have a tendency either to criminate him or subject him to penalty. 14 Ga., 205, 258; Gravett *vs.* State, (September term, 1884).

(a) The other depositions relating to bankruptcy were irrelevant to any issues made by the pleadings, as they then stood, and if admissible under any circumstances, their rejection worked no injury, as the date of the dealings in bankruptcy was admitted.

Judgment on main case reversed; on bill of exceptions *pendente lite* and cross bill, affirmed.

H. C. Peeples; N. J. Hammond, for plaintiffs.

P. L. Mynatt; John D. Cunningham, for defendant.

---

POULLAIN *et al. vs.* POULLAIN, AND *vice versa.*

EQUITY, FROM GREENE. Auditors. Masters. Evidence. Reasonable Doubt. Charge of Court. Gifts. Admission. Fraud. Guardian and Ward. Ordinary. Accounts. Practice in Supreme Court. Verdict. Infancy. Amendment. Pleadings. Statute of Limintations. (Before Judge Lawson).

Hall, J.—1. An auditor's or master's report is *prima facie* correct as to the facts which it finds, and although it may be excepted to, it stands until overcome by evidence satisfactory to the jury, and the *onus* is upon the party excepting to show that it is erroneous; but it is not necessary, in order to overcome the presumption in favor of the report, that the evidence produced by the party excepting should be "so clear, strong, unambiguous and unequivocal as to leave in the minds of the jury no reasonable or serious doubt that the auditor erred or that his report was erroneous and should be overruled and set aside." The true rule as to the sufficiency or proof to overcome the finding of facts by an auditor or master, is that there should be a sufficient preponderance of evidence to satisfy the jury that there was error in the conclusion reached. Code, §§3097 (b), 4203, 3749; 56 Ga., 130; 30 Id., 619; 11 Id., 160; 17 Id., 559; 73 Id., 648 (in press); 71 Id., 649.

2. Where a son or his heirs claims lands under a parol gift from his father, the existence of the parol gift should be proved by evidence, whether positive and direct or circumstantial and indirect, so clear, strong and unambiguous as to leave no reasonable doubt on the minds of the jury as to that fact. 71 Ga., 818, 851, 854, 855; 72 Id., 173, 178, (8th h. n.).

(a) The examples given in the charge were not in strict accord with the evidence in the case, and may have tended to confuse and mislead the jury, and should have been omitted.

(b) The charge complained of in the sixth ground of the motion for a new trial as to the amount of evidence and its conclusive nature necessary to show the improvements made, and the value and character thereof by the alleged donee of the land, is somewhat too rigid in its requirements. The burden was on the complainants to show these facts by clear and satisfactory evidence; but it was not necessary that the evidence should have been so clear, strong and unambiguous as to leave no reasonable or serious doubt that the alleged donee made improvements on the place of the nature and character indicated.

(c) This court has adopted in this case (72 Ga , 412, 419,) the rule deducible from the cases of Hughes *et al. vs.* Hughes *et al.*, 72 Ga., 173, and Beall *et al* ex'rs, *vs.* Clark *et al.*, 72 Ga., 818.

(d) This court is not satisfied that any other instructions upon the law should have been given than such as related to the amount of testimony requisite to establish the particular facts the jury were called upon to find under the exceptions they were trying. With the effect those facts were to have upon the decree to be entered on their finding they had no concern.

3. Whether the evidence, repelled by the court, to the effect that the defendant bought the land in Floyd county for his son, (who was the father of complainants, and under whom they claim), and that was the way the son came into possession of it, was admissible, might depend in some measure upon the witness's knowledge of other facts, and whether she obtained knowledge of the facts to which she proposed to testify from the defendant, or from conversations between him and others, at which she was present, or whether her statement was a mere opinion on her part. In the absence of proof on this subject, the facts cannot be assumed, so as to hold that the court erred. 71 Ga., 185, 193.

4. Evidence of admissions by the defendant as to the gift of certain mill property, which was involved in controversy, to his children and grand children, was admissible. When taken in connection with other circumstances in proof, it tended to show that the gift was made, and was relevant, its force and effect being left to the jury in connection

with the other testimony. Code, §3784; Knorr, adm'r, *et al. vs.* Raymond *et al.*, (Sept. Term, 1884).

5. The exception to the auditor's report, attacking the final discharge of the defendant, as guardian for one of the complainants, on the ground of fraud, and the evidence adduced thereunder on the trial, tended to surcharge the final account rendered by the guardian by alleging omissions therein, and to falsify it by denying the correctness of certain of the items therein contained. The law provides that "one palpably fraudulent item casts suspicion upon the entire account." Code, §3135.

(a) It is the imperative duty of an accounting party, such as an agent, trustee, receiver, executor or guardian, to keep his accounts in a regular manner, and to be always ready with them, and such an administer or guardian should support his accounts by proper vouchers and present them annually for examination and approval by the proper authorities. 72 Ga., 566; 2 Spence Eq. Jur. 921.

(b) Concealment *per se* amounts to actual fraud, where, from any reason, one party has a right to expect full communication of the facts from another. Code, §2635, sub sec. 2.

(c) It is the duty of the ordinary, in passing upon such accounts, and especially upon the final account with a view to granting the guardian a discharge, to ascertain, before doing so, that all the duties of the trust have been fully performed; and this essential fact must be made to appear by a careful scrunity and examination by him of the various items thereof and the vouchers supporting them.

(d) The omission of what is claimed to be much the larger part of the estate, and the incorrectness of other items, or the failure to furnish any vouchers whatever, would raise a presumption against the fairness of the transaction; and where fraud is charged, it is a question for the jury, and they have a right, in determining whether it exists or not, to deduce it, on account of its subtle nature, from slight circumstances, and even the most solemn judgment obtained by resorting to such means is open to attack and liable to be annulled and set aside upon a bill filed for that purpose. Code, §3178.

(e) This issue was not as fully and fairly submitted to the jury as it should have been, and the instructions given confined the investigations of the jury to too narrow limits, and withdrew from their consideration circumstances which might possibly have led to a different result.

(f) The errors in the long paragraph of the charge excepted to were not particularly specified, but as the case will be returned for a new trial on other grounds, it is desirable to avoid them in the further progress of the litigation.

6. Neither the 12th nor the 13th grounds of the motion for new trial point out any specific error in either of the charges therein complained of; and in the absence of the entire charge given upon the subject of allowing credits for the funds of wards invested in Confederate securities, or as to the right of the guardian to encroach upon the *corpus* of the estate for the education and support of his ward, without a previous order of the ordinary, no error hurtful to the complainants is made to appear.

(a) If a charge states broadly, but correctly, general principles controlling the subject under consideration, if more specific instructions applicable to the facts in evidence are desired, they should be asked.

(b) These remarks are applicable also to the charge in relation to the house and lot in Greensboro, purchased by the guardian for his wards and their mother.

(c) The statute is plain as to the duty of a guardian in respect to making returns of money of his ward invested in Confederate securities.

(d) The circumstances which will protect a trustee, where he has encroached upon the *corpus* of the estate, and will allow him such expenditures without the authority of the ordinary previously obtained, are determined in Dowling *vs.* Feeley *et al*, 72 Ga., 558, 563, 564.

7. The jury should find a separate verdict as to exceptions of fact to an auditor's report, *seriatim;* but whether this omission was so material as to have required a new trial in this case, in the absence of other errors, is not held; especially as no effort seems to have been made to have the verdict reformed before it was received and recorded. 72 Ga., 412.

(a) No opinion is expressed as to whether the verdict was contrary to law, evidence and the charge of the court.

8. An infant may maintain a bill in equity, by next friend, against her guardian, for a misappropriation of her funds. 41 Ga., 596.

9. The amendment to the fourth exception to the auditor's report did not make a new and distinct cause of action, but its purpose was to supply defects in the original exception and to specify errors and omissions in the guardian's accounts and returns which had been too generally alleged therein.

(a) The averments contained in the amendment were sufficient. They were made specific by reference to the allegations in the bill, and if those allegations are not sufficiently free and clear, they may be made so by amendment.

(b) It does not appear that the order referring this case to the auditor prescribed any time in which exceptions to the report were to be filed; and in the absence of such an order, the report was subject to exceptions for such time as the court might allow. Code, §4203 and cit.

(c) If the original action was not barred by the statute of limitations, an amendment which introduced no new and distinct cause of action was not barred. 67 Ga., 606.

(d) Had there been no reference to an auditor, and no report made by him to which exceptions were filed, it would be better to submit to the jury the special issues of fact out of which the contested questions arise, and for the court to decree on their finding of these several issues, as provided by the act of February 27, 1876 (Code,§4206),and the seventh rule of practice in equity cases. The order of reference and the disposition of the report by the court—whether accepted and approved or not—do not appear in the record. If it should appear that, by the terms of the order, the power of the auditor did not extend beyond the investigation and statement of accounts, and that the report, when made, was not accepted and approved by order of the court, there would be no objection to postponing its consideration until the facts essential to fixing the basis on which the account should be taken were ascertained in the manner indicated. · If these facts should be found in favor of the complainants, then the report could be recommitted with a view of ascertaining the several amounts for which the decree should be rendered, if any. Code, §3097 (a)—(f).

(a) The leading points in controversy on which special issues should be framed, outlined.

Judgment in main case reversed; in cross-bill of exceptions affirmed.

James B. Park; John C. Reed; F. C. Foster; J. H. Lumpkin, for plaintiffs.

D. B. Sanford; J. A. Billups; H. G. Lewis, for defendants.

---

### CENTRAL RAILROAD *vs.* SMITH.

CASE, FROM CITY COURT OF SAVANNAH. Evidence. Railroad. Damages. Negligence. Verdict. (Before Judge Harden).

Hall, J.—1. In an action for damages on account of a personal injury, it is doubtful whether it was admissible to prove statements of the plaintiff, made some months after the accident, to show that he threatened that, if he did not get better, he would take his life and that he contemplated suicide. But where the admissibility of evidence is doubtful, the rule in this State is to admit it, under proper instructions, to the jury to consider its doubtful competency as a circumstance bearing upon its credibility, in estimating the effect to be given to it. 1 Gr. Ev. 102 and cit. in note (b); 11 Allen (Mass.), 322.

2. The charge excepted to in relation to the negligence of the