### Spooner *v.* Cobb.

Hill, J. 1. The petition set out a cause of action for the recovery of the possession of the land in controversy, and for specific performance of the parol contract relied on for recovery; and the court did not err in overruling the demurrer thereto.

2. The court in his charge to the jury stated concisely the essential contentions of the plaintiff and the defendant; and if any fuller statements as to the details of such contentions were desired, a timely request therefor should have been made.

(a) The assignments of error as to the failure of the court to give in charge stated propositions are not cause for reversal; as these propositions, where legal and adjusted to the facts of the case, were covered by the general charge of the court.

3. The following question and answer were not inadmissible over the objection that it was permitting the witness to state her conclusion and not the facts, viz.: " Q. Did you take charge of the land under the belief that it was yours, or did you take charge of it as a tenant? A. I could not help but believe that it was mine, because my father said it was mine and that he would make me a deed."

4. It was not error, under the facts of the case, for the court to fail to charge that " The exclusive possession by the children of lands

belonging originally to the father, without payment of rent for the space of seven years, shall create conclusive presumption of a gift and convey title to the land, unless there is evidence of a loan, or a claim of dominion by the father acknowledged by the child, or of a disclaimer of title on the part of the child."

5. Error is assigned because the court charged: "The court charges you, gentlemen of the jury, that in this case Mrs. Lilla Spooner Cobb, the plaintiff, carries the burden of proof; and in order to establish her case, that is, in so far as the gift of the land is concerned, the evidence must be so clear and so strong as to satisfy the jury that such gift was made, and not leave that in doubt as to whether such gift was made or not." Movant assigns error on this charge, for the reason that immediately after giving the foregoing instruction the court followed it in the following language: "In so far as to the question of improvements, whether valuable and permanent improvements were made on the land, it is incumbent upon the plaintiff to show that fact by a preponderance of evidence, which means that superior weight of evidence upon the issues involved which, while not enough to wholly free the mind from a reasonable doubt, is yet sufficient to incline the fair and impartial minds of the jury to one side of the issue rather than to the other." It was not error to give these charges together, on the ground that to do so was confusing and misleading, or for any other reason assigned, as was held in *Tidwell* v. *Garrick*, 149 *Ga.* 290 (99 S. E. 872).

(a) No exception is taken to that part of the first charge that "The evidence must be so clear and so strong as to satisfy the jury that such gift was made, and not leave that in doubt as to whether such gift was made or not," on the ground of the omission of the word "reasonable" before the word "doubt." This omission renders the charge inaccurate; yet the omission of the word "reasonable" is more favorable to the defendant than was authorized.

6. Other grounds of the motion for new trial not specifically dealt with are without merit.

7. The verdict is supported by the evidence, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 3382. APRIL 12, 1923.

Specific performance. Before Judge Worrill. Seminole superior court. August 12, 1922.

Mrs. Lilla Spooner Cobb brought an equitable petition against her father, J. J. Spooner, for the recovery of lot of land No. 68 in the 14th district of Seminole County, containing 250 acres, more or less, and for specific performance of a parol contract of gift alleged to have been made by her father to her. She alleged, that on January 1, 1910, the defendant made a parol gift of the land to her; that after such gift he put her in possession of the land, and, acting upon the faith of such gift, she went into possession

and made valuable and permanent improvements upon the land; and that after the gift and improvements had been made, the defendant took possession of the land and withheld it from her. The defendant demurred, both generally and specially, to the petition; and answered, denying that he made such gift as alleged, that the plaintiff had any right to recover the land, that she has made any valuable and permanent improvement on it, that she was entitled to specific performance, or that she had any right to recover the land. The court overruled the demurrer, and the defendant excepted. On the trial the jury returned a verdict in favor of the plaintiff for recovery of the land, and also for specific performance of the parol contract. The defendant made a motion for new trial, which was overruled, and he excepted.

*Hartsfield & Conger* and *W. I. Geer,* for plaintiff in error.

*E. E. Cox* and *R. L. Cox,* contra.