AULTMAN, administrator, *v.* GIBSON.

No. 8385.   JUNE 11, 1931.

*W. J. Wallace,* for plaintiff.   *L. D. Moore,* for defendant.

GILBERT, J.   W. D. Aultman, as administrator of the estate of W. G. Aultman, brought .suit against Mrs. Delia Gibson for the recovery of two tracts of land, one consisting of fifty acres and the other of forty acres.   On the trial of the case, after some evidence had been introduced, including a deed to the fifty-acre tract, the plaintiff abandoned the prayer for recovery of that tract, and the suit proceeded for the recovery of the forty-acre tract.   It was conceded that the land in question had formerly belonged to W. G. Aultman, deceased; and that the defendant, Mrs. Gibson, was his daughter.   She based her claim to the land upon a parol gift from her father, together with a meritorious consideration, possession of the land, and the making of valuable improvements thereon.   The jury returned a verdict for the defendant.   The plaintiff filed a motion for new trial upon the general grounds, and subsequently amended the motion.   The amendment contains a ground complaining that the court erred in a charge to the jury; and two grounds complaining that the court erred in failing to charge stated principles of law.   The remaining grounds are mere elaborations of the general grounds.

■   The verdict is supported by evidence; and hence the court did not err in refusing a new trial on the general grounds.

■   Movant complains that the court erred in refusing the following written request to charge, duly tendered:   "To constitute such parol gift, it must appear that the donor intended to and did give over the land to the donee absolutely.   And in determining

the question as to whether or not it is a gift, you can and must consider whether or not the donor held or retained dominion over the property; and in determining this question you can consider the fact, if it be a fact, that the parent or donor returned and paid taxes on the land in his own name, and the further fact that the donee paid donor rent on the land." The evidence demanded a finding that the defendant, Mrs. Gibson, held the forty-acre tract in question as donee under a parol gift based upon a meritorious consideration; and that she, with the consent of the donor, entered into possession and made valuable improvements upon the faith of the gift. She thereby acquired a perfect equity as against the donor, his heirs, and those claiming under him. Accordingly it was not error to refuse the request to charge. *Sikes* v. *Seckinger*, 164 *Ga.* 96, 102 (152 S. E. 65). For the reasons just stated, the court did not err in charging the jury as follows: "The defendant contends in this case, however, that that land is hers, because he [defendant's father] gave it to her by parol gift, that is, he had an agreement and understanding with her that that land was hers; and that she went in possession under an agreement with him and by his consent that that land would be hers and that she could treat it as hers. Now that would be called a parol gift of land. Now whether or not he did make any such agreement with her is a matter of fact for you to determine from the evidence in this case. Did he make a contract or agreement with her that that land should be hers? And that is for you to determine from the evidence; and the evidence on that subject must be so clear and strong and conclusive as to satisfy you beyond a reasonable doubt that he did make such gift to her." The conceded fact that the donee was to pay rent during the life of the donor, to afford means by which the donor could and did pay taxes and derive a means of living, does not alter the above ruling.

■ Movant complains of the refusal to charge, as requested, another principle of law; but it does not appear that this request was in writing duly tendered. Under the evidence the court did not err in failing to charge the principle there stated as being essential, without written request.

*Judgment affirmed. All the Justices concur.*