CROSBY, administrator, *v.* HIGGS.

No. 10833.   October 17, 1935.

*W. C. Little,* for plaintiff in error.

*J. T. Powell* and *Krauss & Strong,* contra.

Beck, Presiding Justice.   Mrs. Susie Higgs brought an equitable suit against J. W. Crosby, administrator of the estate of J. B. Conner, deceased, for injunction, and to have the court decree in her the title to a lot of land and house thereon.   A deed was introduced which showed the legal title to be in Conner.   The plaintiff relied on a parol gift, alleging that she had been given possession of the premises and had made valuable improvements thereon.   The jury returned a verdict in her favor.   The defendant's motion for new trial was overruled, and he excepted.

■  The evidence is sufficient to authorize the verdict for the plaintiff.

■  The original motion for new trial consists of the general grounds.   In the first ground of the amendment to the motion error is assigned on the following charge of the court:   "So that the only question for this jury to determine in this case is, has the plaintiff proved the case that she has set up in her petition to the satisfaction of the jury by a preponderance of the evidence?   If she has, then a verdict ought to be rendered in her favor; if she has not, then one ought to be rendered in favor of the defendant."   The error assigned on this instruction is that it authorized the jury to find in favor of the plaintiff merely upon the preponderance of the evidence.   Considering alone this excerpt from the charge, the criticism might be meritorious; but it should be considered in connection with other portions of the charge.   The court charged the jury, in part, as follows:   "If what the plaintiff sets up in her petition is true, and if those allegations have been established to the satisfaction of the jury, to the extent required by law, then the plaintiff would be entitled to recover.   If she has failed to prove the case set up in her petition, then she would not be entitled to recover, and Mr. Crosby would be entitled to hold this property as the administrator of the estate and dispose of it for

the benefit of the heirs." This was followed by a statement by the court that the suit was brought under certain sections of the Code, stating their substance. The court then added: "So that the only question for this jury to determine in this case is, has the plaintiff proved the case that she has set up in her petition to the satisfaction of the jury by a preponderance of evidence? If she has, then a verdict ought to be rendered in her favor; if she has not, then one ought to be rendered in favor of the defendant. He denies the material parts of it, and denies the parol gift, contract about a gift; denies valuable improvements, and denies her right to have the title to the land decreed in the plaintiff. Now these pleadings will be out with you; but that is substantially what is alleged in them, that the deceased, before he died, gave this plaintiff the tract of land described; that on the strength of that gift she went in possession of the property; and that, in addition to going into possession on the strength of the gift, she made valuable improvements on the property on the strength of the gift, believing that she would at some time get title or that she would get the land in any event. Now, in all cases, the plaintiff has the burden of proving his case by a preponderance of the evidence, and by preponderance of evidence is meant that superior weight of evidence on the issues involved, which, though it may not be sufficient to wholly free the mind from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue, rather than to the other. Now the plaintiff must prove her case, as stated, by a preponderance of evidence as to all of it; but there is one phase of it that she must go a little further and prove beyond a reasonable doubt. The contract and the terms thereof shall be established so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the agreement—the agreement to give the property. So, if she has proved all her case by a preponderance of the evidence, and then that phase of it, that is, the gift, that there was a contract of gift made, and she has established that so clearly as to leave no reasonable doubt on the minds of the jury that there was a gift made to her, then she would be entitled to recover." It is manifest that the first excerpt, which is followed by the second, is not confusing, nor does it state the wrong rule. There is no such contradiction in the quoted portions of the charge as to confuse the jury or to leave them in doubt as

to the degree of certainty with which the contract in question should be established.

This ruling disposes of the other special assignments of error, which challenge other parts of the charge included in the quotations made above, on the ground that they give three different rules for the determination of the degree of certainty with which the allegations of the petition must be established. Considering the two excerpts from the charge quoted, it can not be said that the charge lays down either two or three different rules. It is clear that the court merely instructed the jury that the burden was on the plaintiff to prove her case generally by the preponderance of evidence, but that the proof as to the contract itself must be such as to satisfy the minds of the jury to a reasonable certainty and beyond a reasonable doubt that the parol gift was made as alleged by the plaintiff.

*Judgment affirmed. All the Justices concur, except Russell, C. J., absent because of illness, and Gilbert, J., who dissents.*