MICKLE, administrator, *et al. v.* MOORE.

No. 13912.   NOVEMBER 12, 1941.

152

*R. O. Jones, William Y. Atkinson, Frank Gearreld*, and *J. L. Smith*, for plaintiffs in error.

*Boykin & Boykin*, contra.

DUCKWORTH, Justice. ■ The first special ground of the motion for a new trial assigns error on the ruling admitting in evidence the following receipt: "January 1, 1933. Received of Mrs. G. M. Moore, for labor and overseeing of Mrs. G. M. Moore Estate for 1932, 1240 pounds of lint cotton at six cents per pound—$74.40. [Signed] Henry Moore." When the receipt was offered in evidence by the plaintiff, counsel for defendants objected on the grounds that it was irrelevant, immaterial, prejudicial, and not binding upon any of the heirs of the Mrs. G. M. Moore estate. The court thereupon ruled that the evidence was admitted as against the defendant Henry Moore, but not against the other defendants, and that it was admitted only to illustrate whether Henry Moore made a charge against the estate at the time the receipt was supposed to have been issued, and that it was not to be considered as an offset against the share of Henry Moore in the estate. No further objection was made by counsel for the defendants.

It must appear that objections were urged at the time evidence was admitted. It is not sufficient to urge grounds of objection for the first time in a motion for a new trial. *Phillips* v. *State,* 102 *Ga.* 594 (27 S. E. 699); *Bourquin* v. *Bourquin,* 110 *Ga.* 440 (35 S. E. 710); *White* v. *State,* 116 *Ga.* 573 (42 S. E. 751); *Wynne* v. *State,* 123 *Ga.* 566 (51 S. E. 636); *Thompson* v. *Lanfair,* 127 *Ga.* 557 (2) (56 S. E. 770). The record shows that although defendants' counsel objected to the evidence when offered, a ruling of the court subsequently to that objection, limiting the evidence to one specific issue and to only one defendant, was not challenged. After such ruling by the court the defendants were aware of the purpose for which the evidence was admitted, and made no further objection to it. Therefore no valid assignment of error can be based on the ruling of the court in thus admitting the evidence. *Bowers* v. *Southern Railway Co.,* 10 *Ga. App.* 367 (6) (73 S. E. 677); *Duckett* v. *Martin,* 23 *Ga. App.* 630 (4) (99 S. E. 151). This ground of the motion is without merit.

■ The second special ground assails a portion of the charge, on the ground that it is confusing. The charge complained of, in substance, states that in the case on trial the burden generally is upon the plaintiff to prove her case by a preponderance of the evidence, but there is an exception to this general rule which will be given when the court has finished giving the rules of law with reference to the preponderance of the evidence. Then instruction on the rules applicable to the preponderance of the evidence was given, followed immediately with the statement that there is an exception to the rule just given, which is applicable in this case, and that is that the burden is on the plaintiff to make out the alleged contract and the terms thereof so clearly, strongly, and satisfactorily as will leave no reasonable doubt in the minds of the jury that Mrs. G. M. Moore entered into the agreement with the plaintiff as alleged in the petition; and if the plaintiff has failed to carry this burden so clearly, strongly, and satisfactorily as to leave no reasonable doubt in their minds as to that phase of the case, she should not recover, and the jury would not be authorized to find a verdict in her favor, but it would be their duty to find a verdict in favor of the defendants. It is contended that the charge intermingled the burden of proof and preponderance of the evidence, and was thus misleading and confusing to the jury and harmful and prejudicial to the de-

fendants, and that the charge was error because it instructed the jury that both rules applied in this case.

In *Warren* v. *Gay,* 123 *Ga.* 243 (51 S. E. 302), in ruling upon a charge similar to that here assailed, this court said: "When the various portions of the charge in reference to the degree of proof are considered together, the effect of the instructions was simply, that this was a civil case, that the jury were authorized to reach a conclusion from the preponderance of the evidence, but that this preponderance should be such in this particular case that before they could find in favor of the parol contract they must be clearly satisfied of the existence of the contract. This is the law." The charge here correctly instructed the jury that the burden was on the plaintiff to produce evidence of the contract and its terms sufficient to convince the jury beyond .a reasonable doubt that such a contract was made, and on the other phases of the case, such as proof of performance on the part of the plaintiff, the burden was upon her to prove her case by a preponderance of the evidence. The charge is not subject to the criticism made. *Printup* v. *Mitchell,* 17 *Ga.* 558 (63 Am. D. 258) ; *Redman* v. *Mays,* 129 *Ga.* 435 (59 S. E. 212) ; *Farr* v. *West,* 152 *Ga.* 595 (3) (110 S. E. 724) ; *Hankinson* v. *Hankinson,* 168 *Ga.* 156 (3) (147 S. E. 106) ; *Crosby* v. *Higgs,* 181 *Ga.* 314 (2) (182 S. E. 10). The plaintiffs in error cite *Citizens & Southern National Bank* v. *Kontz,* 185 *Ga.* 131 (4) (194 S. E. 536), in support of this ground. It was there ruled, that, in charging that in transactions between a man and his wife, slight circumstances under certain conditions may be sufficient to satisfy the jury of fraud, the court erred because the "certain conditions" referred to in the charge were not given. Nothing ruled in the following cases, relied upon by plaintiffs in error, sustains the attack upon this charge: *Wylly* v. *Gazan,* 69 *Ga.* 506; *Savannah, Florida & Western Railway Co.* v. *Hatcher,* 118 *Ga.* 273 (45 S. E. 239) ; *Morris* v. *Warlick,* 118 *Ga.* 421 (2) (45 S. E. 407) ; *Morrison* v. *Dickey,* 119 *Ga.* 698 (46 S. E. 863) ; *Savannah Electric Co.* v. *McClelland,* 128 *Ga.* 87 (2) (57 S. E. 91) ; *Barnes* v. *Cowan,* 147 *Ga.* 478 (94 S. E. 564) ; *Tidwell* v. *Garrick,* 149 *Ga.* 290 (99 S. E. 872).

■ The remaining special ground complains of an excerpt from the charge in which the jury was instructed, in substance, that if one person should make a contract with another, for a valuable

consideration, to make a will devising certain property, and at the time of making such contract did not have title to such property, but if such person contracting to make the will did at a later date acquire title, the contract would be enforceable if it contained all the essentials necessary to make it valid; and the fact that such party did not have title to the property involved at the time of making the contract, but acquired it later, would not release such party from the obligation of the contract, if all the essentials of such contract were present. The criticism of this charge is that it is inapplicable, misleading, prejudicial, and confusing, for the reason that there was no issue or pleading authorizing the same, and it amounted to an answer by the court of evidence introduced by movants as circumstances to show that Mrs. Moore did not enter any contract.

The general rule is that instructions to the jury must be based upon evidence. A charge is objectionable which correctly states general principles but is not applicable to the facts. *Sikes* v. *Sikes,* 153 *Ga.* 725 (113 S. E. 416, 24 A. L. R. 1324). The subject dealt with in the charge here assailed was not put in issue by the pleadings, but movants made it an issue by voluntarily introducing evidence on that subject. A defense not pleaded may be based on evidence which is admitted without objection, and the court is authorized to charge the jury on such evidence. *Freeze* v. *White,* 120 *Ga.* 446 (47 S. E. 928); *Waynesboro Planing Mill* v. *Perkins Manufacturing Co.,* 35 *Ga. App.* 767 (3) (134 S. E. 831). Although the purpose of movants in introducing evidence to show that Mrs. Moore did not have title to the property involved on the date of the alleged contract, but subsequently acquired title on her application for a year's support, might have been to persuade the jury that she would not likely have made the contract for this reason, yet the purpose of the evidence was not so limited; and in the absence of the instructions complained of, the jury might have concluded from such facts that Mrs. Moore could not and did not bind the property by such a contract; and thus the petitioner would have suffered unjustifiable injury. Since movants concede that under the law the after-acquired title would subject the property to the terms of the contract, they can not successfully contend that the, instruction by the court to this effect was injurious to them. The charge deprives movants of no benefit which they were entitled

to derive from the evidence on that subject. This ground of complaint is without merit.

■ The general grounds are strongly urged by the plaintiffs in error. The sufficiency of the alleged contract as set forth in the petition as amended is not challenged as to definiteness. It is conceded that petitioner proved the contract as alleged, by the testimony of two witnesses, Mrs. Sallie Bonner and Paul Moore, who testified that the contract was made in their presence; and counsel in their brief state that there could be no direct testimony showing that the contract was not made, and that the best evidence as to whether the testimony showing the contract is true or false is the conduct of the two contracting parties. It is insisted that the following circumstances disprove the existence of such a contract: (a) No title in Mrs. Moore to the property at the time. (b) Execution of a will by Mrs. Moore, subsequently to the contract, in which the provisions of the contract were not complied with, with the knowledge of petitioner. (c) Mrs. Moore, being intelligent, would not have forgotten, in making her will, such an important contract within two or three months. (d) Mrs. Bonner and petitioner attempted to get the heirs to deed certain property to petitioner because of certain notes in the handwriting of Mrs. Moore. (e) Mrs. Bonner signed a petition to probate the will, and petitioner talked to the ordinary about it. (f) Petitioner tried to prove that she knew nothing of the will. (g) The disappearance of the writings in the handwriting of Mrs. Moore. Counsel for plaintiffs in error quote from *Lansdell* v. *Lansdell,* 144 *Ga.* 571, 573 (87 S. E. 782), as follows: "Claims of this nature against dead men's estates, resting entirely in parol, based largely upon loose declarations, presented generally years after the services in question were rendered, and when the lips of the party principally interested are closed in death, require the closest and most careful scrutiny to prevent injustice being done." The rule referred to in division 2 of this opinion, requiring proof of the contract beyond a reasonable doubt, is designed for the purpose of affording adequate protection in such cases. It is true that one claiming under such a contract must establish that claim by direct and clear evidence (*Morris* v. *Dunaway,* 176 *Ga.* 881, 169 S. E. 129; *Brogdon* v. *Hogan,* 191 *Ga.* 647, 13 S. E. 2d, 666); but this requirement was met by the petitioner in the present case. This fact is con-

ceded; but the complaint urged is that for the reasons and circumstances recited the credibility of the witnesses by whom the testimony was produced was destroyed. This argument might properly be made to the jury, and probably was; but this court is without authority to decide that question. The Code, § 38-1805, declares: "The credibility of a witness is a matter to be determined by the jury under proper instructions from the court." See *Merritt* v. *State*, 190 *Ga.* 81 (8 S. E. 2d, 386). The verdict is supported by the evidence, and the general grounds of the motion are without merit.          *Judgment affirmed.   All the Justices concur.*