BARNES *v.* BELL.

No. 17011. March 14, 1950.

*Earl W. Butler,* for plaintiff in error.

*Thomas W. Johnson* and *T. A. Jacobs Jr.,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) The bill of exceptions contains a statement that, in order to simplify the main questions involved in the motion for new trial, as amended, counsel of record for Lillie Mae Barnes advises the court that ground one of the amended motion will not be insisted upon. Accordingly, the first special ground of the motion for new trial does not present any question for decision by this court.

Special grounds two and three complain of the charge: "Now the burden is on the plaintiff in this case to make out her case by a preponderance of the evidence. . . . By preponderance

of the evidence is meant that superior weight of the evidence upon the issues involved, which, while not enough to wholly free the mind from a reasonable doubt, is sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other." Further on in his charge, the court stated, "Now as to the alleged parol gift contended for by the plaintiff," and then proceeded to instruct the jury fully that the burden was upon the plaintiff in this case, Alice Bell, to establish such parol contract to a moral and reasonable certainty and beyond a reasonable doubt by clear, strong, and satisfactory evidence.

Counsel for the plaintiff in error does not complain that the court did not correctly instruct the jury with respect to the burden of proof required where a plaintiff seeks specific performance of a parol contract, but the criticism is that the instruction excepted to was not properly adjusted to the facts of this case, and not having been withdrawn from the jury, or corrected by the court by some direct reference thereto, was confusing and left the jury to decide between the two conflicting charges and to apply such portions of the conflicting instructions as most impressed them. There is no merit in the above criticism, for the reason that from the pleadings it is apparent that there were issues in the case to which the preponderance-of-evidence rule was applicable, and the trial court, after giving that rule in stating general principles of law, clearly pointed out that, with respect to the alleged parol contract, the burden was on the plaintiff to establish such contract to a moral and reasonable certainty and beyond a reasonable doubt by clear, strong, and satisfactory evidence.

Special grounds four and five complain of the charge: "With reference to the lot of real estate involved in this case, the plaintiff contends that prior to his marriage to Lillie Mae Barnes, Willie Barnes entered into an agreement with petitioner, that is, Alice Bell, whereby he agreed that he and she should support their mother, and that, if petitioner would move into his house, which is located on the lot involved here and which is specifically described in the petition, and care for their mother, and support her and do all the things necessary for her welfare and comfort, that he would give the said described property to her, and that the gift of the property to petitioner would be his part of the

contribution to the support of his mother. And the agreement further provided that, in the event he, Willie Barnes, became disabled to work (he being subject to epileptic fits), that petitioner would also care for him. And further, in the next paragraph of the petition the plaintiff contends that this agreement was executed. Willie Barnes gave the said described property to the petitioner and she moved into the property and cared for her mother until her death, and she then paid the funeral expenses for her mother." The criticism is that the language "And the agreement further provided that in the event he, Willie Barnes, became disabled to work (he being subject to epileptic fits), that petitioner would also care for him," and "Willie Barnes gave the said described property to the petitioner and she moved into the property and cared for her mother until her death, and she then paid the funeral expenses for her mother," was the expression of an opinion as to disputed issues in the case.

In using the language complained of, the court was giving the contentions of the plaintiff. In another portion of the charge he instructed the jury: "Now the written contentions of the plaintiff are set forth in the petition and amendments thereto and likewise the written contentions of the defendants are set forth in the answer and cross bill and the amendments thereto. These papers will be out with you and available for your inspection. They have no probative value, they are not evidence, but they may be referred to and should be referred to by you for the contentions of the respective parties in this case." From a reading of the charge as a whole, it is obvious that the jury had no cause to think that the court was doing other than stating the contentions of the plaintiff.

Special ground six is merely an elaboration of the general grounds, and counsel for the plaintiff in error states in his brief:

"Since the main and controlling propositions are set forth in grounds 2, 3, 4, and 5 of the amended motion for new trial, the general grounds and special ground 6 of the amended motion will not be argued."

From the above statement, coupled with the fact that the transcript of the record in the present case does not contain the evidence that was before the trial court, the general grounds of the motion for new trial will be treated as abandoned.

*Judgment affirmed. All the Justices concur.*