18617. HARPER *et al. v.* HUDSON.

ARGUED JUNE 14, 1954—DECIDED JULY 13, 1954.

754

W. R. Mixon, R. D. Smith, for plaintiffs in error.

J. C. McDonald, McDonald & McDonald, contra.

MOBLEY, Justice.  1.  The first special ground of the amended motion for new trial complains that the trial court erred in failing to charge the jury "that not only was the burden upon the plaintiff to prove her case by a preponderance of the evidence, but that the proof of the facts set up in her petition with regard to the claim of a parol gift of land must be such as to satisfy the minds of the jury to a reasonable certainty and beyond a reasonable doubt that such parol gift was made as alleged."

A reading of the entire charge shows that the trial court did not instruct the jury that any degree of proof beyond that of a preponderance of the evidence was necessary.  While under the pleadings and evidence there were issues in the present case to which the preponderance-of-evidence rule as given was applicable, still, with respect to the alleged parol gift, the burden was on the petitioner to establish such gift to a moral and reasonable certainty and beyond a reasonable doubt by clear, strong, and satisfactory evidence.  *Christopher* v. *Mooty*, 155 *Ga.* 286 (2) (117 S. E. 90) ; *Aultman* v. *Gibson*, 172 *Ga.* 877 (2) (159 S. E. 285) ; *Crosby* v. *Higgs*, 181 *Ga.* 314 (2) (182 S. E. 10) ; *Mickle* v. *Moore*, 193 *Ga.* 150 (2) (17 S. E. 2d 728) ; *Barnes* v. *Bell*, 206 *Ga.* 660, 662 (58 S. E. 2d 400).  Accordingly, the trial court erred in failing to instruct the jury the right rule as to the degree of certainty imposed upon the petitioner with respect to the alleged parol gift.

2.  The fourth special ground complains of the charge: "The exclusive possession by a child of lands belonging originally to the father, without payment of rent, for the space of seven years, shall create conclusive presumption of a gift, and convey title to the child, unless there shall be evidence of a loan, or a claim

of dominion by the father acknowledged by the child, or of a disclaimer of title by the child." Code § 48-106.

There being evidence, though conflicting, on the question of whether the petitioner had been in exclusive possession of the property under consideration for seven years, the court did not err in giving the above instruction to the jury. *Mitchell* v. *Hunt*, 185 *Ga.* 835 (2) (196 S. E. 711).

3. The second and third special grounds are elaborative of the usual general grounds. The second ground complains that the evidence was insufficient to clearly establish the alleged parol gift, and the third ground complains that the evidence was insufficient to show that this particular land was the subject matter of a parol gift from Arthur Harper to his daughter. These two grounds will be considered together.

The evidence did not, as contended by counsel for the petitioner, demand a finding in her favor. "In an action in equity for specific performance of an alleged parol contract, the agreement must be proved so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the contract." *Salmon* v. *McCrary*, 197 *Ga.* 281 (1) (29 S. E. 2d 58); *Haynes* v. *Ellis*, 199 *Ga.* 702 (2) (35 S. E. 2d 151); *First Nat. Bank &c. Co.* v. *Falligant*, 208 *Ga.* 479, 481 (67 S. E. 2d 473). The same strict rule applies where, as here, a daughter is claiming land under an alleged parol gift from her deceased father. *Poullain* v. *Poullain*, 76 *Ga.* 420 (2) (4 S. E. 92).

In the instant case, the only evidence of such parol gift was the testimony of Hansel Hudson, the petitioner's husband, to the effect that the petitioner's father told her that he had something over 700 acres down there and for her to take the lower part of it. There was evidence that this property was known as the Elisha Paulk place, but there was no evidence that the father in giving the place to his daughter identified it by that or any other name. The substance of what he said was that he owned over 700 acres down there and for her to take the lower part and that it would be hers.

Applying the above-stated principle of law, the evidence was insufficient to establish a parol gift of the particular piece of land in controversy, as contended by counsel for the plaintiff in error; however, the petitioner was also claiming said property

under the provisions of Code § 48-106, and, as indicated in the second division of this opinion, the evidence, though conflicting on the question of whether the petitioner had been in exclusive possession of the property for seven years, was sufficient to support a finding in her favor under the provisions of the above-stated Code section.

*Judgment reversed. All the Justices concur.*