22730. RAY v. SEARS, Administrator.

SUBMITTED NOVEMBER 9, 1964—DECIDED JANUARY 8, 1965.

*J. W. Waldroup, Arthur C. Farrar,* for plaintiff in error.
*Sumner & Boatright, Elie L. Holton,* contra.

QUILLIAN, Justice. ■ An examination of the brief of evidence shows that there was a conflict as to the material issues of the case. Therefore, a verdict was not demanded for either party. The general grounds being without merit, we turn to a consideration of the special grounds.

■ Grounds 2 and 4 (a) complain that the trial judge charged the jury that the plaintiff must prove her case beyond a reasonable doubt. Grounds 5 (a), 6 (a) and 7 allege the trial judge erred in charging that performance of the contract must be proved beyond a reasonable doubt. The plaintiff contends that while the oral contract and its terms must be proved beyond a reasonable doubt, yet the performance thereunder and other issues of the case need be shown only by a preponderance of the evidence; thus, the enumerated portions of the charge place a greater burden on the plaintiff than is required by law.

It is true that a parol contract upon which specific performance is sought "should be made out so clearly, strongly and satisfactorily, as to leave no reasonable doubt as to the agreement . . . Proving the alleged contract by a preponderance of the evidence is not sufficient to satisfy the rigid test. It must be proved beyond a reasonable doubt, a burden quite as onerous as that imposed in criminal cases." *Hudson v. Hampton,* 220 Ga. 165 (2, 3) (137 SE2d 644), and cases cited therein. Further, there is a line of cases which hold, or by implication infer, that performance under an oral contract must also be proved beyond a reasonable doubt. *Adkins v. Flagg,* 147 Ga. 136 (1) (93 SE 92); *Gordon v. Spellman,* 148 Ga. 394, 400 (96) SE 1006); *Landrum v. Rivers,* 148 Ga. 774, 779 (3) (98 SE 477); *Hankinson v. Hankinson,* 168 Ga. 156 (3) (147 SE 106); *Ellis v. Reagan,* 172 Ga. 181 (1) (157 SE 478); *Sherling v. Continental Trust Co.,* 175 Ga. 672 (15) (165 SE 560); *Epperson v. Stancill,* 180 Ga. 857, 858 (181 SE 170); *McCrary v. Salmon,* 192 Ga. 313, 317 (15 SE2d 442); *Haynes v. Ellis,* 199

Ga. 702, 705 (35 SE2d 151); *Patrick v. Holliday,* 200 Ga. 259, 263 (2) (36 SE2d 769). However, there are no holdings requiring the plaintiff to prove her case beyond a reasonable doubt, and the portions of the charge so instructing the jury were error. *Barnes v. Bell,* 206 Ga. 660, 661 (58 SE2d 400). See *Crosby v. Higgs,* 181 Ga. 314, 315 (2) (182 SE 10); *Wardlaw v. Wardlaw,* 187 Ga. 467, 469 (3) (1 SE2d 24); *Harper v. Hudson,* 210 Ga. 751, 754 (82 SE2d 854). Grounds 2 and 4 (a) should have been sustained and the trial judge erred in overruling them.

Moreover, the cases purporting to hold that one must show performance of the terms of the contract beyond a reasonable doubt are in conflict with cases holding that while an oral contract, or a parol gift of realty (which has the same strict rule, *Harper v. Hudson,* 210 Ga. 751, 755, supra), under which specific performance is sought must be proved beyond a reasonable doubt, compliance with its terms, or in the case of a parol gift possession of and the making of valuable improvements on the property, need only be shown by a preponderance of evidence. *Poullain v. Poullain,* 76 Ga. 420 (2) (4 SE 92); *Warren v. Gay,* 123 Ga. 243, 246 (51 SE 302); *Tidwell v. Garrick,* 149 Ga. 290 (2) (99 SE 872); *Spooner v. Cobb,* 155 Ga. 458 (5) (117 SE 320); *Brittain Bros. Co. v. Davis,* 174 Ga. 1, 8 (161 SE 841); *Crosby v. Higgs,* 181 Ga. 314, 315 (2), supra; *Mickle v. Moore,* 193 Ga. 150, 153 (2) (17 SE2d 728); *Barnes v. Bell,* 206 Ga. 660, 661, supra; *Vaughan v. Vaughan,* 212 Ga. 485, 487 (93 SE2d 743). We follow this latter rule, both because it is sound and is supported by the oldest authority (*Poullain v. Poullain,* 76 Ga. 420, supra), as set out in *Mickle v. Moore,* 193 Ga. 150, 154, supra: "The burden was on the plaintiff to produce evidence of the contract and its terms sufficient to convince the jury beyond a reasonable doubt that such a contract was made, and on the other phases of the case, such as proof of performance on the part of the plaintiff, the burden was upon her to prove her case by a preponderance of the evidence." Hence, the overruling of grounds 5 (a), 6 (a) and 7 was error.

■ Ground 11 complains of a failure to charge a written request in the following language: "I charge you, gentlemen of

the jury, that the plaintiff must prove her contract as alleged in the petition and must also prove a substantial compliance with her part of the contract." The rule is that: "The person seeking specific performance of such a contract must show, in addition to the contract, a substantial compliance with his part of the agreement." *Hudson v. Hampton,* 220 Ga. 165 (4), supra; *Lee v. Lee,* 191 Ga. 728 (1) (13 SE2d 774); *Christopher v. Whitmire,* 199 Ga. 280 (34 SE2d 100); *Matthews v. Blanos,* 201 Ga. 549, 564 (40 SE2d 715); *Mann v. Moseley,* 208 Ga. 420 (1) (67 SE2d 128); *Fambrough v. Fambrough,* 210 Ga. 87 (1) (78 SE2d 14); *Rodgers v. Street,* 215 Ga. 643, 644 (112 SE2d 598); *Lester v. Copeland,* 219 Ga. 195, 201 (132 SE2d 190). This written request was a correct statement of the law, pertinent to the issues of the case and should have been charged.

Grounds 3, 6 (b) and 8 complain that the trial judge instructed the jury that the plaintiff could not recover unless it was proved she performed all the services under the oral contract; that such charges overemphasized "all" when the law only requires that substantial compliance be shown. Ground 10 complains that the portions of the charge contained in grounds 3, 6, 7 and 8 were erroneous for the same reason above stated. Ground 12 further asserts that the portions of the charge contained in grounds 3, 6, 7 and 8 conflict with another portion of the charge which states the plaintiff may recover "based on full or partial performance of consideration in the way of services performed on the one side, and a failure or refusal to perform on the other . . ." This portion of the charge, designated (e) in ground 12, is taken verbatim from *Bird v. Trapnell,* 149 Ga. 767 (2) (102 SE 131); *Whitehead v. Dillard,* 178 Ga. 714, 716 (174 SE 244); *Cowart v. Green,* 194 Ga. 62 (2) (20 SE2d 577). The alleged conflict between the parts of the charge is contended to be confusing and misleading to the jury.

We are aware that the plaintiff alleged she was to perform all the cooking and other services described in her petition and there is authority using language to the effect that on demurrer there must be allegations of full compliance with one's obligations under the oral contract in order to require specific performance. *Bowles v. White,* 206 Ga. 433, 438 (57 SE2d 547);

*Davis v. Davis*, 212 Ga. 413 (1) (93 SE2d 356); *Allen v. Bobo*, 215 Ga. 707, 709 (113 SE2d 138). Nevertheless, under the interpretation given the rule by this court the law requires that "the person seeking specific performance must . . . show a substantial compliance with his part of the agreement." *Matthews v. Blanos*, 201 Ga. 549, 564, supra. See the cases cited supra. Hence, construing the question of performance under the terms of the contract as alleged we find that the plaintiff must prove that she substantially complied with her part of the contract; that is, that she substantially performed all the services to be rendered under the parol contract.

It must further be observed that, in some instances, performance for a period of time may be excused. In the present case the defendant submitted certain evidence that Oscar Sears was confined in the hospital and voluntarily stayed in the homes of the defendant and two sisters at times during which, under the terms of the contract, the plaintiff would have been under the duty to care for him, keep his house and cook his meals. When on those occasions performance of the contract was prevented by the deceased and others, through no fault of the plaintiff, her performance of the same was excused. *Studdard v. Hawkins*, 139 Ga. 743, 748 (78 SE 116), and cases cited therein.

Regardless of whether the portions of the charge might, individually in themselves, be technically correct, especially in view of the plaintiff's pleadings, and thus not such harmful error as to require the grant of new trial on these grounds, upon another trial of this case the trial judge should make it clear to the jury that what the law requires is substantial compliance with the requisites of the contract on the part of the plaintiff.

■ We have carefully examined the remaining special grounds of the motion for new trial and have found them to be without merit.

*Judgment reversed. All the Justices concur.*