HALL, administrator, *vs.* ARMOR *et al.*, by next friend.

1. On the trial of a claim interposed to an administrator's sale, the issue is whether or not the property is subject to such sale. An administrator cannot sell property held adversely to the estate by a third person ; he must first recover possession. Therefore, where it appeared that another than the administrator held adverse possession of the land at the time it was advertised for sale, a verdict for the claimant was a necessary consequence.

(*a.*) Errors which could not have affected the result of a trial will not necessitate a new trial.

2. In a claim case under an administrator's sale, where it appears that another than the administrator is in possession of the land, claiming adversely under a deed, it is immaterial to attack the deed as invalid ; it still serves as an evidence of adverse possession.

3. Nor does it matter that such land was appraised at the instance of the administrator ; such appraisement does not amount to an eviction of one in adverse possession.

4. An administrator is estopped from attacking the deed of his intestate as completely as the latter would have been estopped.

Administrators and Executors. Claims. Title. Evidence. Before Judge LAWSON. Greene Superior Court. September Term, 1881.

Hall, as administrator of the estate of Reuben B. Armor, was proceeding to sell the real estate of said intestate, when a claim to seven hundred and fifty acres of land was interposed by Geo. A. Armor and Vernon Armor, through Spivey, as their next friend.

The claimants relied upon a deed made by the intestate to them on April 20th, 1876, conveying the tract of land in controversy. Claimants were in possession of the land at the time of the attempted sale by the administrator. The land had been appraised by the commissioners as part of the real estate of the intestate, and an order had been granted by the ordinary authorizing the sale of the real estate of said intestate.

The administrator claimed that the deed was void on the ground that at the time it was made his intestate had not the capacity to make it, on account of the loss of his mind, and that claimants went into possession of the place fraudulently. The jury found a verdict in favor of the claimants. The plaintiff moved for a new trial, on the following among other grounds :

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court erred in refusing to allow counsel to introduce in evidence the inventory and appraisment of the estate of the intestate, for the purpose of showing that intestate owned very little personal property at the time of his death, and that he owned no real estate besides the Ward place, the land in controversy,. except the home place, and that the land of the home place, outside of that which had been assigned as dower to the widow, was of but little value.

(3.) Because the court refused to admit evidence offered for the purpose of showing that intestate was insolvent when he made the deed under which claimants hold, and that it was fraudulent.

The motion was overruled, and the administrator excepted.

C. Heard ; P. B. Robinson, for plaintiff in error.

H. T. & H. G. Lewis, for defendant.

Jackson, Chief Justice.

1. The controlling question in this case is whether the administrator can sell realty if it be in the adverse possession of another, until he has reduced it to possession. He offered for sale a tract of land, it was claimed by the defendant in error, and the question at issue arose on this claim. The jury found for the claimants, and the denial of the motion by the administrator for a new trial is the judgment assigned for error on many grounds made in that motion. It is wholly immaterial whether the court erred in any or all the rulings on the admissibility of evidence, and the instructions to the jury, and the competency of the juror, if the evidence required the verdict ; because it would be a vain thing, without possible good to the administrator, and with the expense of another trial for nothing to the county, to grant a new trial which must result just as the trial complained of has done, if the claimants were in possession adversely to the estate when the land was advertised for sale. Code, §2564. That section is quite plain. It declares that, " an administrator cannot sell property held adversely to the estate by a third person; he must first recover possession." The reason of the law is obvious. Who shall give the purchaser possession ? How shall the third person occupying adversely be turned out ? No officer of the law can either turn out the third person, or put in the purchas-

er.    Besides, who will buy a law-suit and give full price for property?    Therefore, for the protection of the estate the law requires the administrator to reduce to possession so as to deliver property when he sells it, and thereby give an undisputed title and actual possession, and make the property bring its full value for the benefit of the heirs and creditors.

The trial of the claim is to be conducted, in case a claim is interposed, just as a claim is tried in case of levy of executions by the sheriffs, and claim of property interposed there.    The issue is made up, and the question is subject or not subject to be sold by the administrator; and the moment the fact appears that the property is in the possession of an adverse holder, and was so when advertised for sale, that issue must be determined in the negative—not subject,—because the statute says he shall not sell such property until he has recovered the possession.    Code, §3743 *et seq.*    These sections show how the trial is to be had, and the issue to be made as in claims of property levied on by executions.

So that the question is one of fact—were the claimants in possession at the time the land was advertised for sale?

Of that there is no doubt, from the facts in this record. Was that possession adverse?    Of that there is as little doubt.    They held under a deed, in their own right, under claim of right, and, therefore, adversely to all the world, the estate included, and not as heirs at law of the descendant, but donees—not by descent, but by purchase.

2. It matters not that this deed was attacked as invalid, or fraudulent, or for any other reason.    It was the written evidence of their adverse claim of title, and showed that they claimed adversely to the estate; and having the land in actual possession under this claim, it was not subject to be sold until by ejectment or otherwise, if there be under the facts of the particular case any other remedy to recover possession, the land was recovered by the administrator.

3, 4. Nor does it matter that the land was appraised by the administrator, because the estimating its value by appraisers is no eviction of those in possession, and no reduction to possession by the administrator.   64 *Ga.*, 11.

Doubtless, it was this view of the law of this case which induced the court below to exclude the evidence of insolvency of the estate and the fraudulent nature of the conveyance to the claimants, coupled with the other equally strong view that it did not lie in the mouth of the administrator to attack the deed of his intestate, but that he was estopped as completely as the intestate donor would have been.   19 *Ga.*, 290; 22 *Ib.*, 432.

.   Moreover, it was this view, doubtless, which also induced the judge to say, when he overruled the motion for a new trial, that " the verdict under the evidence and the law, as given in charge, could not have been otherwise, and, therefore, the motion for a new trial is refused."

Agreeing with the presiding judge in this view, the evidence and the law of the case compelling the verdict, the judgment is affirmed.