### EVANS, GARDNER & COMPANY *et al. vs.* BROWN *et al.*, administrators.

Where an administrator has obtained leave to sell lands, of his intestate and has advertised for sale a certain lot of land, and a claim thereto has been filed, on the trial of the claim the burden of proof is upon him.

(a) Where the land was wild land and neither party was in possession, the administrator should have established his right to sell, not only by showing leave to sell from the ordinary, but by showing facts indicating title thereto.

Administrators and executors. Claims. *Onus probandi.* Title. Before Judge RICHARD H. CLARK. Douglas superior court. July adjourned term, 1887.

The administrators of Evan R. Whitley, deceased, having applied for and obtained a general order for the sale of the real estate of their intestate, advertised for sale, among others, a certain lot of land, to which a claim was interposed by Evans, Gardner & Company and Wm. A. Ransom & Company. When the case came on for a hearing, the claimants asked the court to determine on whom was the burden of proof; showing that the lot was wild land not in the possession of any one ; that it had been so given in by the administrators ; and that the application for leave to sell and order of sale were both general in their character. The court held that the burden was on the claimants ; that if they interfered with the administrators' sale by claim, they must show title in themselves; and ordered them to proceed. They declined to do so ; whereupon the court ordered the claim to be dismissed.

The claimants say the court erred (1) because the burden of proof was on the administrators to show title in themselves as such; (2) because the court held that the burden was on the claimants ; (3) because the court held that the claimants must show title in themselves ; and (4) because the court dismissed the claim.

THOS. W. LATHAM, by brief, for plaintiffs in error.

J. S. JAMES, *contra.*

SIMMONS, Justice.

From the facts reported in this case, it will be seen that the court below held that, where an administrator had obtained leave from the court of ordinary to sell lands of his intestate, and had advertised for sale a certain lot of land in Douglas county, and a claim was filed thereto, and the case transferred to the superior court, the burden of proof was upon the claimant to show title to the land. We think the court erred in so ruling. The code, §3744, declares that a case of this kind shall be tried " in the same manner and under the same regulations, restrictions and penalties as are provided for the trial of claims to property levied on by execution." Where an execution is levied upon property, and the defendant in *fi. fa.* is not in possession, the burden of proof is upon the plaintiff in *fi. fa.* In this case, it seems that this was a lot of wild land, and that neither party was in possession. Analogizing it to an ordinary claim case, we think that the administrator should have established his right to sell the land, not only by showing his leave to sell from the ordinary, but by going farther and showing facts indicating title thereto. If the administrator had been plaintiff in *fi. fa.* and had levied upon this unoccupied lot of land, and a claim had been filed, before he could have subjected the land the *onus* would have rested on him to show that the land was subject to his *fi. fa.* Being an administrator and having obtained an order to sell all the land of his intestate, and a claim having been filed to this particular lot of land, and the case transferred to the superior court, the law declares that it shall be tried in the same manner as ordinary claim cases are tried. This construction of the practice, under section 3744 of the code, was virtually adopted by this court in *Campbell, adm'r, vs. Roberts*, 66 *Ga.* 734. As to

where the burden rests in ordinary cases, see *Knowles vs. Jourdan*, 61 *Ga.* 300. As to when the burden is on the claimant, see *Powell vs. Westmoreland*, 60 *Ga.* 572.

Judgment reversed.