## Bowden *et al.* *vs.* Taylor.

1. An affidavit of illegality having been filed and not being put in evidence in this case, the law presumes that a ground apparent at the time of filing the illegality was taken therein. If not then taken, it could not be insisted on afterwards.

2. There was no error in entering up judgment for attorneys' fees.

The suit included attorneys' fees, and it seems that they were one of the items in the *fi. fa.* levied.

April 25, 1888.

Presumptions. Attorneys' fees. Before Judge RICHARD H. CLARK. Dekalb superior court. August term, 1887.

The facts of this case and the questions of law involved are so similar to those in the case just preceding between the same parties, that the report of that case is referred to as the report of this. Only the following additional statement is deemed necessary :

The *fi. fa.* in this case was levied, on October 7, 1884, on 3,000 pounds of seed-cotton, more or less, in the field. It was in favor of " J. W. Kirkpatrick, agent Wando Phosphate Company " *vs.* W. T. Bowden and A. C. Bowden. The bond recited the levy as on " 3,000 pounds seed-cotton more or less, 500 bundles of fodder more or less, and fifteen bushels of corn more or less." It represented the date of the levy as ·the 18th instead of the 7th of October, and described the plaintiff as " J. W. Kirkpatrick." The *fi. fa.* was headed " Georgia, Fulton county " and recited the judgment as rendered at a justice's court for the 536th district, G. M. (without stating the county) ; whereas the plaintiff sued as " formerly constable of the 536th district, G. M., of DeKalb county." This alleged discrepancy was one of the grounds of objection to the admission of the *fi. fa.*

W. J. & J. R. ALBERT, for plaintiffs in error.

H. C. JONES and ALEXANDER & TURNBULL, *contra.*

SIMMONS, Justice.

This case contains the same facts and points as are

contained in the case just decided between the same parties, and the decision in that case rules the points in this, with two exceptions. When the *fi. fa.* was offered in this case, it was objected to upon the additional ground that it was headed " Georgia, Fulton county," and recited the judgment as rendered in the justice's court of the 536th district, without stating the county. The plaintiff in the suit on the bond alleged that he was formerly the constable of the 536th district, of Dekalb county. The court admitted the *fi. fa.* in evidence.

1. Whether the judgment admitting the *fi. fa.* in evidence was proper, would depend on whether the illegality filed by the defendant had been disposed of or not. If it should appear on the next trial, by proper proof, that this illegality had been disposed of in favor of the plaintiff against the defendant, then we are inclined to think that this point would not be well-taken, because we suppose that this was one of the grounds of illegality to the *fi. fa.* If it was not one of them, it should have been; and it would be too late for the defendant, on the trial of the suit on the bond, to object to the *fi. fa.* on this ground. It being a good ground of illegality, the law presumes that when the defendants filed their illegality this ground was taken. If not taken then, it could not be insisted on afterwards. If it was in the illegality and the illegality was dismissed by the superior court, it is a judgment of that court that the *fi. fa.* is sufficient.

2. Objection was made also to the entering up of a judgment for attorneys' fees. This suit was not only for principal and interest and costs, but for attorneys' fees, and it seems that the plaintiff in the original action obtained a judgment for the principal, interest, costs and attorneys' fees, and that the attorneys' fees

were one of the items in the *fi. fa.* founded on that judgment. There was no error, therefore, in entering up judgment in this case for attorneys' fees.

Judgment reversed.