LOONEY *v.* WATSON.

</div>

*Simmons, C. J.*—There being evidence of a parol gift of land upon a meritorious consideration, by the defendant to her daughter and the husband of the latter, accompanied by possession, and also that the donees had made improvements on the faith of such gift, it was a question for determination by the jury as to whether or not the improvements were of

such character as to authorize a decree against the defendant for a specific performance in favor of the husband and the child of his deceased wife. Consequently it was error to grant a nonsuit. (Code, §3189.) *Judgment reversed.*

July 29, 1895. By two Justices.

Petition for specific performance. Before Judge Reese. Hart superior court. September term, 1894.

W. T. Looney, for himself and as agent and next friend of his minor daughter, brought a petition against Elizabeth C. Watson to compel specific performance of a parol agreement to convey certain land. The court granted a nonsuit, and plaintiff excepted. The evidence showed the following:

W. T. Looney testified: I married Mamie A. Shirley, daughter of defendant, on January 2, 1887; and on November 24, 1887, the minor plaintiff was born to us. In the fall of 1891 we were residing in Atlanta, where I had purchased a home and was engaged in business, earning $1.50 per day. In consequence of letters received from Laura Watson and R. A. Bartlett, daughters of defendant, in February, 1892, I closed out my business in Atlanta and moved back to Hart county, after which defendant admitted, in conversation, that she authorized Laura Watson to write the letter of November 19, 1891; and she repeated to me the promise or agreement to give me and my wife the land in question (41.6 acres, describing it). Defendant had the land run off by Bowers, surveyor, and platted by him, and placed me and my wife in possession of it soon after we returned from Atlanta. We went into possession under the agreement of defendant that she would make us a deed of conveyance, and directed me to have a deed prepared. At one time I got a blank deed and carried it to her, but it was one of the Bowersville town lot deeds containing a clause forfeiting the property if liquor was sold on the premises, and therefore defendant advised me not to take that sort of deed; and for one cause and another

the making of the deed was postponed. We held possession and made crops on the land in 1892 and 1893. While we were in possession on faith of defendant's agreement to convey the land, I made improvements thereon (specifying them) which cost $300 and were of permanent value to the land. After all this was done, on July 1, 1893, while we were in the midst of preparations to build a residence on the land, my wife died, leaving myself and daughter as her sole heirs. After that, defendant refused to make the deed in pursuance of her agreement. The letter referred to, signed by L. Watson, was dated November 19, 1891, and contained the following: "Dear Sister & Bro: . . Ma says, if you all want to come back, she will give you thirty (30) acres of land on the road to cousin Millard's on the lower end of Cainy branch. She says there are about twelve acres cleared."

Ab. Looney testified: Just before W. T. Looney moved back to Hart county from Atlanta, I was at defendant's house and she told me she intended to cut off thirty acres of land and give it to Tom and Mamie. She showed us the land and told us she had cut off some for the other children, and that she would cut off thirty acres and deed it to plaintiff and his wife. She pointed out a place for a residence and asked me what I thought of it. I heard her say she refused to make plaintiff the deed on account of the death of his wife.

Bowers, surveyor, testified, that on March 12, 1892, he surveyed 41.6 acres of land off of defendant's tract at the instance of defendant and W. T. Looney, both being present. Defendant directed him where to run the lines. He also made a plat of said survey; which plat was put in evidence. J. A. Gunnin, testified that he heard defendant say, after the death of Mamie A. Looney, that she had intended to make Mamie and W. T. Looney a deed to the land in controversy, but had changed her mind on account of the death of Mamie. Hugh Crawford testified to the

same effect, except that he used the word "promised" instead of "intended." Two other witnesses testified that they helped plaintiff clear and ditch some of the land and manure the same.

*A. G. McCurry* and *W. L. Hodges*, for plaintiff.