HULL, administrator, *v.* WATKINS *et al.*

Where an administrator advertises that it is his intention to apply for leave to sell any real estate as the property of his intestate, and an affidavit is filed under the provisions of § 4630 of the Civil Code before the order is passed granting leave to sell, and the claim affidavit so filed is duly transmitted to the superior court of the county where the property is situated, that court has jurisdiction, under the issue made up as prescribed in the code section last referred to, to try the "right of property," and the issue submitted on the trial should not be so restricted as to determine the single question as to whether the property is held adversely to the administrator, but, under the issue made up under the circumstances stated above, the right of the administrator to have an order granting leave to sell and the necessity for such an order should be determined, as well as whether the property is held adversely to the administrator.

JULY 13, 1910.

Appeal. Before Judge Brand. Clarke superior court. April 16, 1909.

Hull, as administrator of M. G. Watkins, deceased, having advertised in the official gazette of Clarke county that it was his intention, as administrator as aforesaid, to apply to the court of ordinary at the January term, 1908, for leave to sell certain real estate which, as he claimed, belonged to the estate of the said Watkins, Lizzie Watkins, in her own behalf and as agent of her sisters, Charity Watkins, Sarah Watkins, and Margaret Watkins, filed a claim, asserting title to the property. On the trial T. W. Mabry testified: "I know the land in question in this case. M. G. Watkins was in possession of said land at time of his death, which I think occurred in 1891. Since that time his children, the claimants, or some of them, have been in possession and are still in possession. T. G. Watkins was a son of M. G. Watkins and married my daughter. T. G. Watkins died in October, 1906, leaving no children, but leaving a wife, and she died a few days afterwards during the same month." J. L. Hull testified: "As the administrator of M. G. Watkins, there are debts existing against M. G. Watkins, of which I have been given notice. Dr. I. H. Goss holds a note for $51, less a credit of $19; this credit was paid by T. G.

Watkins, and his estate holds that claim against the estate of M. G. Watkins. There is no other property out of which to pay these debts belonging to the estate of M. G. Watkins, except the land for which an order has been applied to sell and which is involved in this claim case. I have never been in actual possession of the land in question, nor have I ever taken possession, or demanded it. I was appointed administrator some time in 1907, and made application for order to sell land now in question." The foregoing is all of the evidence appearing in the record. The judge directed a verdict in favor of the claimants, and judgment was entered that the property in dispute was not subject to sale by the administrator. He excepted to the refusal of a new trial.

*John J. Strickland* and *J. L. Hull,* for plaintiff.

*George C. Thomas* and *Cobb & Erwin,* for defendants.

BECK, J. (After stating the facts.) The Civil Code, § 4630, provides that "When an executor, administrator, guardian, or other trustee shall advertise that it is his intention to apply for leave to sell any real estate as the property of his testator, intestate, ward, or *cestui que trust,* or having obtained such order, it may be lawful for any person claiming such real estate, either by himself, his agent, or attorney, to file in the court of ordinary an affidavit claiming said property, a copy whereof shall be served on such executor, administrator, guardian, or trustee, as the case may be, previous to the day of sale." Under the provisions of this section the children of the administrator's intestate, before the order was obtained for leave to sell the land in controversy which the administrator was seeking to obtain, filed in the court of ordinary an affidavit claiming the property, and, as required by law, the ordinary transmitted the claim affidavit to the next term of the superior court of the county where the land is situated, and the issue was there made up in the same manner as in the trial of claims to property levied on by execution, following the directions relative to the making of such issue laid down in the Civil Code, § 4631. The section last referred to provides that when the issue has been made up as prescribed, "the right of property shall there be tried." If the claim had been filed after the granting of an order conferring upon the administrator the right to sell, the only question to be tried under the issue, according to the decision in the case of *Hall* v. *Armor,* 68 *Ga.* 449, would have been whether or not the property

was subject to sale; and in case it should appear that some one held adversely to the administrator, a verdict for the claimants would necessarily result. But we are of the opinion that where parties shown to be in possession of the property decide to contest the right of the administrator to an order granting leave to sell in limine, and before the passing of such order in the court of ordinary, the right to have an order granting leave to sell, and the necessity for such an order, as well as whether the property is held adversely to the administrator, can be contested and settled. When evidence was introduced showing that M. G. Watkins died in possession of the land sought to be sold, that the persons in possession were heirs of the deceased, that there were debts of the estate still unpaid, and that there was no other property than that involved in this controversy with which to pay the same, a prima facie case was made entitling the administrator to the order which he was seeking to obtain. We think the "right of property" between the persons engaged in this controversy can be settled in the superior court, which has ample jurisdiction to determine the questions that may arise in the case. Those questions relate to the right of the administrator to an order for the sale of the land which he was seeking to obtain, to the title to the property in controversy, and the right of the claimants to hold it as against the representative of the estate of their deceased father. And inasmuch as the statute provides that the issue between the administrator and the claimants in this case is to be tried as other claim cases, we see no reason why, by an equitable amendment to the joinder of issue, in aid of the proceedings upon the part of the administrator as they stood at the time of the trial, the administrator might not set up his right to recover the property for the purpose of bringing the same to sale, where the prima facie right to an order for the sale of the property in this cause is not overcome by evidence in favor of the claimants' right to retain possession. And should such an amendment be filed, all questions springing out of proceedings to bring the property to sale, and the claim filed in resistance thereto, could be adjudicated in one proceeding, thereby saving the heavy expense incident to an independent action to oust the persons in possession of the property after the right to an order granting leave to sell had been established.

*Judgment reversed. All the Justices concur.*

LUMPKIN, J. I concur in the judgment of reversal. But I think that attention should be called to the two cases of *Hall* v. *Armor,* 68 *Ga.* 449, and *Head* v. *Driver,* 79 *Ga.* 179 (3 S. E. 621). The decision in the former case has never been reviewed. Whether it is in accord with § 4631 of the Civil Code or not, that case arose under a claim interposed after an order of sale had been granted, and it appeared that the persons in possession held, not as heirs of the intestate, but as purchasers claiming under a conveyance. In the second case above cited, it was held, that, "Prior to the code, it was not absolutely settled whether an administrator could recover in ejectment against an heir at law without first obtaining an order for sale from the ordinary. Under the code, it is the better practice, if it is not indispensable, to obtain such order." See also *Luttrell* v. *Whitehead,* 121 *Ga.* 703 (49 S. E. 691), where it was said that the order was necessary. The difference between the cases first cited is apparent. In the case at bar the administrator is applying for an order to sell. If he should, either as better practice or as matter of necessity, obtain an order for sale before recovering possession from the heirs, and if he can not obtain an order for sale if the heirs are in possession, he is between the horns of a legal dilemma. The law does not place him in such a position. He is entitled to the order of sale, under the evidence in the record.