20032. GRIFFIN *v.* CROMARTIE, administrator.

JENKINS, P. J. 1. While "an administrator can not sell property held adversely to the estate by a third person; he must first recover possession" (Civil Code, 1910, § 4033), and while, where an administrator applies for and obtains from the ordinary an order for the sale of personalty as the property of his intestate, and a claim is interposed by a third person, as provided by the Civil Code (1910), §§ 4034, 5176, 5179, the issue is whether or not the property is subject to such sale, and the burden of proof is upon the administrator (*Hall* v. *Armour*, 68 *Ga.* 449; *Evans* v. *Brown*, 80 *Ga.* 656, 6 S. E. 280; *Hull* v. *Watkins*, 134 *Ga.* 779, 68 S. E. 506), still, where the proof submitted is sufficient to establish title in the intestate at the time of her death, and there is nothing whatever to indicate that the propery is held by an adverse claimant, it will be presumed that possession accompanies title, and it can not be said, as a matter of law, that the administrator failed to carry the burden to the extent of showing a prima facie right to prevail. Accordingly, the verdict in the instant case can not be set aside as being without evidence to support it.

2. Where a part of the property in dispute between the claimant and the administrator of the estate of the claimant's deceased mother consisted of a cane mill and boiler, and the claimant testified that the mill and boiler belonged to his deceased father; that the father had "bought both of them and paid for the mill and boiler," and offered evidence of a will made by the father in his favor, alleged newly discovered evidence from another witness, who made affidavit that he would testify that he knew that the deceased father purchased the cane mill and boiler and paid for them, was merely cumulative of the claimant's testimony adduced on the trial, was not likely to produce a different result on another trial, and did not require the grant of a new trial.

3. Where the remaining property in dispute was a mule, and the evidence was undisputed that the claimant had originally purchased the mule, giving his note therefor, but the administrator contended and offered evidence to prove that the intestate had paid off the note after the mule had been repossessed by the original seller, and thus acquired title to the property, alleged newly discovered evidence from a witness who made affidavit to the effect that during the year 1924 he sought to borrow the mule in question from the intestate, and she informed him at that time that the mule belonged to the claimant, would not require the grant of a new trial, since it does not appear that such conversation took place after the alleged acquisition of title by the decedent, and, therefore, that such alleged newly discovered evidence would probably produce a different verdict upon another trial. *Oglesbee* v. *State*, 25 *Ga. App.* 750 (105 S. E. 163).

4. The ground of the motion for a new trial which complains of the failure of the trial judge to charge the jury, on his own motion, that if they found that the intestate was "the wife of John Griffin, and that they lived together as husband and wife, then and in that event the possession of the husband is presumed to be his and the title to the property in his possession is supposed to be in him, he being the head of the house and as such would be supposed to own the property until the contrary appears," is without merit, since it does not appear that the principle involved was adjusted to the issues in the case, the proof being silent as to whether the husband did or did not survive the wife.

5. This court does not feel authorized to override the judgment of the trial judge refusing to set aside the verdict, for any of the reasons assigned, all of which have been dealt with above.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JULY 19, 1930.

*W. B. Kent, J. C. Bennett,* for plaintiff.