LUTTGEN *v.* ANDREWS *et al.*

GILBERT, J. 1. Where an administrator has obtained an order for sale of real estate as provided in the Civil Code (1910), § 5176, and has advertised the sale, and a claim is interposed as therein provided, the sale of the property advertised and claimed should be postponed until after the termination of the claim case. Civil Code (1910), § 5179.

2. In the present instance, after the order of sale had been procured, and after the filing of the claim, the administrator sold the property and placed the purchasers in possession. The purchasers, being in possession, filed the present suit, praying that the defendant be enjoined from committing acts of continuous trespass upon the property. The court granted an interlocutory injunction. The purchasers presumably are still in possession. While, under the Code, § 5179, the sale of the property *should* have been postponed until after the termination of the claim case, the deed executed by the administrator to the purchasers being valid on its face, the sale, being regular in all respects except for the failure to observe the law just cited, is not void, but voidable. Its validity will depend upon the outcome of the claim case. If the final judgment is against the claimant, the defect in the sale because of failure to postpone as required by § 5179 will be cured, and title will vest in the purchaser. On the contrary, if final judgment in the claim case should result in favor of the claimant, the administrator's deed would become null and void. This ruling protects the interests of all parties. It is unnecessary, illogical, and not required by any statute or controlling decision, to hold that the deed must be declared void and the sale set aside. So to do will place the expense of another advertisement and sale, where there is no claim that the property was sold for a less amount because of the pendency of the claim case. It is not shown that the purchasers had any actual notice or knowledge of the pending claim.

3. In *Hull* v. *Watkins*, 134 *Ga.* 779 (68 S. E. 506), the deed of an admin-

istrator who had obtained leave to sell property held adversely by a third party, pending the trial of a claim to the land, was held void. But in that case the decision was based on the fact that the administrator sold land held adversely to the estate by a third party; and under the Civil Code (1910), § 4033, it was essential that he should first recover possession. In this case it must be assumed from the facts appearing in the record that the property was not held adversely, and that the administrator had possession. Where it appears that the administrator was in possession, the burden is upon the claimant to show title. *Powell* v. *Westmoreland*, 60 *Ga.* 572.

*Judgment affirmed. All the Justices concur.*

No. 8946. APRIL 16, 1932.

*George H. Perry* and *H. A. Wilkinson,* for plaintiff in error.
*A. L. Miller,* contra.