### 25776. BENTLEY v. BENTLEY, administrator.

STEPHENS, J. 1. On the trial of an issue formed by a claim to property which was being advertised by an administrator for sale as the property of his intestate, where title was claimed through an alleged gift of the property from the intestate to his son, who was the husband of the claimant, and the evidence presented the issue whether the intestate had made a gift of the property to his son, testimony that the son had cost his father, the intestate, "considerable money" was relevant and material as a circumstance tending to show that the intestate did not give the property to his son. It was not error to admit such evidence over objection by the claimant, where other evidence to the same effect had been admitted without objection.

2. Evidence that from the date of an alleged transfer of the title to the property by the intestate to the son, until the death of the intestate, the son had exclusive possession of the property was relevant as a circumstance which, when taken in connection with evidence of an admission of title in the son by the intestate, tended to establish title to the property in the son. Such evidence was improperly excluded.

3. Where an administrator advertises for sale personal property as property of the intestate, and a claim is interposed, and the evidence is silent respecting the possession of the property, the burden of proof is on the administrator. *Evans* v. *Brown*, 80 *Ga.* 656 (6 S. E. 280); *Hall* v. *Armor*, 68 *Ga.* 449; *Griffin* v. *Cromartie*, 41 *Ga. App.* 667 (154 S. E. 375). The court erred in charging the jury that the burden of proof was on the claimant to show ownership of the property by a preponderance of the evidence.

4. The court erred in overruling the motion for new trial.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED DECEMBER 2, 1936.

*J. G. B. Erwin,* for plaintiff in error. *Y. A. Henderson,* contra.