MILTON, executrix, *et al. v.* MILTON.

No. 14687.    NOVEMBER 10, 1943.

*W. Wright Abbot Jr.,* and *Hammond, Kennedy & Yow,* for plaintiff in error. *M. C. Barwick,* contra.

DUCKWORTH, Justice. There was sufficient evidence on the trial to support the allegations of the amended count 1 of the petition, which this court held set forth a cause of action. It was shown that in 1907 the father of the petitioner cut from his lands the tract here involved, pointed out the lines, and orally gave it to his

son, telling him that he could go into possession of and make improvements on it as his own, and that the petitioner did in fact do so. There was testimony that the father, in connection with the gift, stipulated that the son should pay him annually a specified number of bales of cotton; and some witnesses testified that he referred to the payments as "rent." Because of this characterization it is contended by the plaintiff in error that "rent" negatives any theory of a gift, and shows only that a tenancy was created, and that the petitioner never held possession in his own right. The use of the word "rent" does not necessarily militate against the idea of a gift, when the evidence shows the intention of the father to make an actual gift, and, as here, all the essentials of the Code, § 37-804, are met. A similar state of facts existed in *Aultman* v. *Gibson*, 172 *Ga*. 877 (159 S. E. 285), where a father made an oral gift of lands to his respective children, and where, as shown by the record which we have examined, his wants were simple, but in order to have some slight income and to pay taxes on the land for the benefit of the children he exacted of several of the donees that they make certain annual small payments to him as "rent." In that case this court said: "The conceded fact that the donee was to pay rent during the life of the donor, to afford means by which the donor could and did pay taxes and derive a means of living, does not alter the above ruling."

It is contended by the plaintiff in error that the only case made by the evidence is that which was originally pleaded, and which this court held did not set forth a cause of action. This contention is without merit. The original petition, as ruled by this court, showed the petitioner to have been only a tenant, while by the allegations of the amended petition, in count 1, he entered into the tract of land in his own right, and the evidence meets the law of the case as ruled by this court on its previous appearance. As then said by this court: "The weakness we found in the original petition was that it in substance made the plaintiff a tenant and his father the landlord; and this was considered as inconsistent with the theory of gift upon which he sought to recover. All reference to the rental was stricken by this amendment; and by the standard set forth above, the plaintiff has met the criticism, and has stated, in accordance with the rulings made in the former opinion, and with the authorities there cited, a case for specific performance of

a parol gift of lands. The necessary elements enumerated in our former decision fully appear, and are not now, in this count of the petition as amended, neutralized by the showing of this other relation which was thought to be fatal to his case." The rent referred to in the original petition, which "was thought to be fatal to his case," was the usual rent which is paid by a *tenant* to his *landlord,* which relation this court regarded as established by the pleadings; whereas by the amended petition the petitioner did not enter as a tenant but in his own right, and the "rent" exacted by the donor was not the rent of a tenant, but an incidental amount to be paid by the donee in the capacity distinguishable from that of a tenant.

Certain evidence is pointed out by the plaintiff in error, which, it is urged, shows that the petitioner never considered himself as having any interest in the land. Without discussing it in detail, we think it sufficient to say that it was not necessarily conclusive of the fact contended for, but was merely for the consideration of the jury as to the bona fides of the petitioner, and this question has been resolved by the jury in his favor.

*Judgment affirmed. All the Justices concur.*