SHARPTON *v.* GIVENS *et al.*

CANDLER, Justice. The plaintiff brought an action in the Superior Court of Gwinnett County to enjoin the defendants as individuals and as deacons of Ewing's Chapel—an unincorporated Baptist church—from trespassing upon a described acre of land, and for general relief. Answering the petition, the defendants denied that they were trespassers and averred' that the church, in which they had membership and of which they were deacons, owned the land involved and was using it for cemetery purposes. There was no demurrer, and the case resulted in a verdict for the defendants on which a decree was pursuantly entered. The plaintiff in due time moved for a new trial on the usual general grounds, and later amended his motion by adding 20 special grounds complaining of adverse rulings on objections to evidence, instructions given in the charge, and omissions to charge allegedly applicable principles of law. The motion, as amended, was overruled and the exception is to that judgment. *Held:*

1. An oral gift of land becomes complete and irrevocable when the donee takes possession of the donated premises and, on faith of the gift, makes valuable improvements; and, as against the donor and those claiming under him with notice, a completed gift of land invests the donee with a perfect equitable title. Code, §§ 37-804, 85-408; *Howell* v. *Ellsberry,* 79 *Ga.* 475 (5 S. E. 96); *Ogden* v. *Dodge County,* 97 *Ga.* 461 (25 S. E. 321); *Ellis* v. *Dasher,* 101 *Ga.* 5 (29 S. E. 268); *Garbutt & Donovan* v. *Mayo,* 128 *Ga.* 269 (2) (57 S. E. 495); *Beetles* v. *Steadham,* 186 *Ga.* 110 (197 S. E. 270). The sufficiency of the improvements which the donee must have made to complete a parol gift of land is a question for the jury to determine. *Looney* v. *Watson,* 97 *Ga.* 235 (22 S. E. 935). Concerning the general grounds of the motion for new trial and so far as it need be stated, the evidence was in substance as follows: The plaintiff testified that he purchased a tract of land, containing 130 acres, from Edgar Phillips on September 18, 1950, of which the acre involved was a part, and no exception or reservation of it was made in his deed. He paid Phillips $2100 for the tract and was not informed about and had no knowledge of any outstanding title or equity to any part of it. He saw two graves on the land, but was told by his grantor that no further right to bury there existed. The acre involved was at that time grown up in bushes and briars, and he later cleaned it off and plowed it for farming purposes. He saw no corners at or lines around the acre in question indicating its separation from the tract, either before or at the time of his purchase. He did not know, until after purchase and payment, that Ewing's Chapel had or was asserting any claim to the acre involved, and he first learned of its claim when the defendants put up corners for it after his purchase. Had he known of the gift for cemetery purposes, he would not have purchased from Phillips. As a witness for the defendants, Edgar Phillips testified that he orally gave the acre of land in 'question to Ewing's Chapel for cemetery uses on June 5, 1950, and promised to make the church a deed to it at his convenience. Corner stakes and lines were set up and established around it, and possession of it was delivered to the

donee at the time of the gift and before anyone was buried on it. He told the plaintiff of his gift to the church before he purchased, and advised him that it would for that reason be necessary to except the donated acre from his sale. Pursuant to his gift, he conveyed the acre to the church by deed on June 4, 1951. Paul Stowe testified for the defendants that he lived on the Phillips' land as a tenant both before and at the time of the sale to the plaintiff. He was present when Edgar Phillips gave an acre of his land to Ewing's Chapel for cemetery purposes. By direction from the donor, he helped mark it off and set up corners. Before the plaintiff purchased from Phillips, he showed him the donated acre, its lines and corners, and told him that Phillips had given it to Ewing's Chapel for cemetery uses. At that time the corners of the lot were marked by stakes and two graves were on it, which the plaintiff saw. A. J. Edwards testified for the defendants that two members of Ewing's Chapel were buried on the lot in controversy after it was donated to the church by Edgar Phillips and after its boundaries had been staked and marked by himself and others representing the church as they were directed to do by the donor Phillips. A verdict for the defendants was authorized by the evidence; hence, it was not error to refuse a new trial on the general grounds of the motion.

2. The several special grounds of the motion for new trial have been carefully examined, thoroughly considered, and found to be lacking in any substantial merit. None of them present novel, new, or unusual questions, and it is sufficient to say without further elaboration that the judgment complained of is not erroneous for any reason assigned.

3. The trial judge did not err in denying the amended motion for new trial.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18263. ARGUED JUNE 9, 1953—DECIDED JULY 13, 1953.

*W. L. Nix,* for plaintiff in error.
*Allison & Pittard,* contra.