18566. LIVINGSTON *et al.*, Administrators, *v.* LIVINGSTON *et al.*

HAWKINS, Justice. B. J. Livingston, Mrs. Elizabeth Davis, and Mrs. Vinetta Tomlinson, as administrators of the estate of J. H. W. Livingston, filed in the Court of Ordinary of Lanier County, Georgia, their petition for leave to sell certain lands owned by the deceased, J. H. W. Livingston. After proper citation the court of ordinary duly entered an order granting to the administrators leave to sell certain realty. Thereupon the administrators advertised the realty for sale, and Mrs. Josephine Livingston, James C. Livingston, Nadine L. Branch, Juannell L. Branch, Benjamin Livingston, and Harry Livingston filed their claim to a portion of the lands being advertised for sale, which claim was returned to the Superior Court of Lanier County, and came on for trial at the November term, 1953.

The claimants asserted title to the disputed tract of land under a deed from J. H. W. Livingston to Henry P. Livingston, dated March 26, 1945, the description of the land contained therein being as follows: "All that tract or parcel of land situate, lying and being in the 11th Land District, Lanier County, Georgia, and being 10 acres, more or less, of land lot Number 503 of said land district bounded as follows: North by lands of I. B. Livingston and J. H. W. Livingston; east by lands of Aubrey Bennett; south by the original line of said lot and west by the original line of said lot."

It is undisputed that the land involved was at one time owned by the deceased, J. H. W. Livingston, and would still be the property of his estate unless it was conveyed to Henry P. Livingston by this deed.

When this deed was tendered in evidence by the claimants, the administrators objected to its admission on the ground that it was void for lack of a sufficiently definite description of the property sought to be conveyed, because it did not furnish a key for the location of the northern boundary, the grantor being the adjoining landowner part of the way, and the acreage being defined as "10 acres, more or less." This objection was overruled and the deed admitted in evidence. At the conclusion of the evidence, the trial judge directed a verdict for the claimants. The administrators duly filed their amended motion for a new trial, assigning error upon the overruling of the objection to and the admission in evidence of the deed above referred to, and upon the direction of a verdict, because there were material conflicts in the evidence as to the issues involved, which should be submitted to the jury. To the denial of the motion for a new trial the administrators except. *Held:*

1. The description of the land contained in the deed here relied on by the claimants does not refer to a certain number of acres sought to be conveyed, but instead the quantity is "10 acres, more or less." A portion of the northern boundary called for by the deed is other lands owned by the grantor, with nothing to indicate how far northerly into the lands of the grantor the line of separation is to be. The shape of the tract sought to be conveyed is not disclosed, no distances being given of the boundaries on any side thereof, and nothing to indicate whether the north and east lines of the tract are straight, curved, or irregular. The premises are not so referred to as to indicate any par-

ticular tract, are not described as being known by a given name, nor is any reference made to a more particular description in another deed or survey and plat, and the descriptive averments afford no key by which the land sought to be described may be definitely located by the aid of extrinsic evidence. The description of the property in the deed is too vague and indefinite to operate as a conveyance or as color of title, and the trial court erred in admitting the deed in evidence, and in directing a verdict for the claimants. *Oglesby* v. *Volunteer State Life Ins. Co.,* 195 *Ga.* 65 (23 S. E. 2d 404); *Hamilton* v. *Evans,* 208 *Ga.* 780 (4) (69 S. E. 2d 739).

2. While an administrator cannot sell property as that of the estate which he represents where such property is held adversely to the estate by a third person, but must first recover possession (*Hall* v. *Armor,* 68 *Ga.* 449; *Toombs* v. *Hilliard,* 209 *Ga.* 755 (2), 75 S. E. 2d 801), where, as in this case, the evidence is in conflict as to who was in possession of the property at the time leave to sell was granted to the administrators, and the property was advertised by them for sale—the claimants contending that they were in possession thereof because there was evidence to the effect that they had sold certain timber from the property, and one of them had at one time erected a hog pen thereon, and the administrators contending that they were in possession thereof because the evidence showed that the widow of the intestate, holding under the administrators after their appointment, lived on the land of the intestate of which the tract in question formed a part, and had sold timber therefrom—the direction of a verdict for the claimants cannot be sustained on the theory that the evidence showed adverse possession of the property in the claimants, as contended by their counsel. Where there is a conflict in the material evidence, it is reversible error to direct a verdict. Code § 110-104; *Duncan* v. *Mayfield,* 209 *Ga.* 882 (76 S. E. 2d 805).

*Judgment reversed. All the Justices concur.*

ARGUED APRIL 13, 1954—DECIDED MAY 12, 1954.

*Edward Parrish,* for plaintiffs in error.
*Wright & English,* contra.