24700. CAUSEY, Administratrix v. CAUSEY.

ARGUED JUNE 11, 1968—DECIDED JULY 2, 1968.

*Whelchel & Whelchel, James C. Whelchel,* for appellant.

*S. B. Lippitt, R. B. Williamson,* for appellee.

ALMAND, Presiding Justice. Mrs. Ella D. Causey, as administratrix of the estate of William B. Causey, brought a petition in the Court of Ordinary of Worth County for leave to sell a certain described two-acre tract of improved land which allegedly belonged to her now deceased husband, William B. Causey. Curtis Causey, son of the deceased and stepson of Mrs. Ella D. Causey, filed an affidavit to the petition denying that the two-acre tract of land belonged to the estate of William B. Causey, but claiming that it belonged to affiant. See *Myers v. Warrenfells,* 153 Ga. 648, 654 (113 SE 180). Further, the affidavit sought to have this matter transmitted to the Superior Court of Worth County as provided by *Code* § 113-1801 et seq. and to have the parties' rights to and in the said property there determined. In the Superior Court of Worth County, Curtis Causey filed a motion for summary judgment and several affi-

davits in support thereof. Mrs. Ella D. Causey, administratrix, filed several affidavits in opposition to the motion. After a hearing on the motion, the trial court granted said motion for summary judgment holding: "(1) That said property is held adversely to the administratrix; (2) That the administratrix is not entitled to have an order granting leave to sell; and (3) That there is no necessity for such an order, and that there being no genuine issue as to any material fact in said case, that said William Curtis Causey is entitled to a judgment as a matter of law."

Mrs. Ella D. Causey, administratrix and appellant in this court, seeks a review of the granting of Curtis Causey's motion for summary judgment, as well as a review of the striking of a portion of an affidavit and the considering of certain portions of other affidavits only for limited purposes.

A survey of the affidavits in support of the motion for summary judgment submitted by appellee, Curtis Causey, discloses in substance the following testimony. During the fall of 1954, William B. Causey, the now deceased father, and Curtis Causey, his son, entered into an oral agreement "that if Curtis Causey would move on the said two-acre tract then occupied by his said father, and take care of his father and mother as long as his father and mother both lived, and for the remainder of the life of both of them, and operate the store which was then being operated by William B. Causey, and provide food, care, attention and companionship, that his father would give him this two-acre tract with all improvements thereon." In the spring of 1955 Curtis Causey moved onto the two-acre tract of land and took full possession. Curtis Causey immediately began to improve the property and place valuable improvements thereon. Curtis Causey paid all water, light, telephone and and gas expenses and leased the filling station. Curtis Causey lived on the land and gave personal attention and companionship to his mother and father as long as they lived. Further, on one occasion William B. Causey "stated that he had already given this property to Curtis, and was going to make him a deed to it." Curtis Causey paid no rent to his father and has lived on the property for twelve consecutive years. On numerous occasions

William B. Causey told various affiants that he had given said property to his son Curtis Causey.

An examination of the affidavits filed by the appellant in opposition to the motion for summary judgment discloses in substance the following testimony. William B. Causey stated that all the improvements placed upon the property in question were put there by him and at his expense. The carpenter who did most of the carpentry repair work on the property for William B. Causey stated that he had examined the property recently and found "no evidence of any carpentry repair work having been done on any of the buildings located thereon, which was not done by him, with the exception of the house occupied by Curtis Causey, which he has not examined." From March of 1959 until his death in December of 1967, William B. Causey lived on the land in question and since his death Mrs. Ella D. Causey has been in possession. William B. Causey collected the rents from the cabins located on the property, and Curtis Causey on several occasions acknowledged that he had nothing to do with the cabins. Any rent paid to Curtis Causey from buildings located on the property was turned over to William B. Causey. All the repairs to the premises during William B. Causey's lifetime were made by him and paid for by him from his own funds. William B. Causey paid the taxes on the premises for the years 1959 through 1966.

" 'Where an administrator advertises that it is his intention to apply for leave to sell any real estate as the property of his intestate, and an affidavit is filed under the provisions of § 4630 [§ 113-1801] of the Civil Code before the order is passed granting leave to sell, and the claim affidavit so filed is duly transmitted to the superior court of the county where the property is situated, that court has jurisdiction, under the issue made up as prescribed in the Code section last referred to, to try the 'right of property,' and the issue submitted on the trial should not be so restricted as to determine the single question as to whether the property is held adversely to the administrator, but, under the issue made up under the circumstances stated above, the right of the administrator to have an order granting leave to sell and the necessity for such an order should be determined,

as well as whether the property is held adversely to the administrator.' *Hull v. Watkins,* 134 Ga. 779 (68 SE 506)." *Haynes v. Ellis,* 199 Ga. 702 (1) (35 SE2d 151). Thus, in a case such as the one at bar the trial court is not restricted to the sole question of whether the property is being held adversely to the administratrix, but should determine the rights of the parties in and to the property in question.

Apparently, appellee, Curtis Causey, bases his claim to the property upon *Code* § 37-804 which provides: "Specific performance will not be decreed of a voluntary agreement or merely gratuitous promise. If, however, possession of lands has been given under such agreement, upon a meritorious consideration, and valuable improvements made upon the faith thereof, equity will decree the performance of the agreement." In order to prevail under the provisions of the above cited Code section, it is necessary to establish each of its requirements to authorize a decree of performance of the parol gift. *Milton v. Milton,* 196 Ga. 840, 841 (28 SE2d 268). A mere glance at the testimony in this case reveals that the facts are in conflict on several of the essential requirements. Whether the appellee made such valuable improvements upon the land (*Sharpton v. Givens,* 209 Ga. 868 (1) (76 SE2d 806) and *Looney v. Watson,* 97 Ga. 235 (22 SE 935)) and whether the appellee was given such possession of the land (*Livingston v. Livingston,* 210 Ga. 607 (2) (82 SE2d 1)) as to authorize specific performance of the parol gift are issues upon which there exists conflicting testimony.

Furthermore, where title is claimed by virtue of the provisions of *Code* § 37-804, the parol gift thus asserted must be established by evidence which shows its existence beyond a reasonable doubt. *Harden v. Morton,* 195 Ga. 471 (2) (24 SE2d 685). See *Warren v. Gay,* 123 Ga. 243, 245 (51 SE 302) and *Poullain v. Poullain,* 76 Ga. 420 (2) (4 SE 92). From the testimony in the appellee's affidavits it is uncertain as to when the parol gift was to take place. The affidavits show that on one occasion William B. Causey stated "that if" Curtis Causey would move onto the land and take care of his father and mother as long as they lived, William B. Causey "would give him" the property in question, while on a subsequent occasion William B. Causey

stated "that he had already given this property to Curtis, and was going to make him a deed to it." From this testimony it cannot be ascertained when the gift was intended to be made. *Harp v. Bacon,* 222 Ga. 478 (2) (150 SE2d 655). Therefore, with the failure to establish the existence of the parol gift beyond a reasonable doubt and the existence of material issues of fact in the instant case, the trial court erred in granting the appellee's motion for summary judgment.

Having found that a genuine issue of material fact exists from the affidavits considered by the trial court, it becomes unnecessary to consider whether the trial court erred in excluding a portion of an affidavit and considering certain portions of other affidavits only for limited purposes.

*Judgment reversed. All the Justices concur.*