### 28820. BARFIELD v. HILTON.

JORDAN, Justice.

Mrs. Nettie Ward Barfield Hilton, administratrix of the estate of W. J. O. Barfield, filed a petition in the court of ordinary of Taylor County, Georgia on September 4,

1973 requesting permission to sell a certain tract of land in Taylor County for the reason that the heirs at law could not agree to divide the land in kind and that it was necessary to sell said land for the purpose of distribution and other purposes. After citation was published and before said order was granted, R. C. Barfield, the appellant here, filed a claim to said land contending that the land was not the property of the estate of W. J. O. Barfield but was his property. After said claim was filed the ordinary transmitted the case to Taylor Superior Court pursuant to Code § 113-1802.

Subsequent to the transfer to the Superior Court of Taylor County, the administratrix filed an amendment wherein it was alleged that W. J. O. Barfield died intestate in possession of the land in question; that the appellant R. C. Barfield was one of the heirs and as such heir had inherited a one-seventh of one-fourth undivided interest in the property; that the appellant had gone into possession of the property in question under a claimed parol gift by all of the heirs at law of W. J. O. Barfield by reason of which he was claiming full title to the property; that all the heirs did not give their interest in said property to the appellant; and that the heirs have not and cannot agree to divide the land in kind because the appellant is adversely claiming full title thereto.

Appellant answered the amendment by contending that he was entitled to judgment on the pleadings and further answered the allegations by admitting that he was an heir of W. J. O. Barfield; that he claimed full title to the land; that he was holding same adversely to the administratrix and to the other heirs and that the basis of his claim to title was a settlement of the estate on the date of the burial of W. J. O. Barfield in which all of the heirs transferred the land to him.

On January 11, 1974, the trial court signed an order denying the appellant's motion for judgment on the pleadings and certified the same for immediate review. *Held:*

The appellant contends that the only issue raised by his claim is whether or not he is holding the property adversely to the estate and since this is admitted by the administratrix he is entitled to a judgment. He relies on

Ga. Code § 113-1714 which reads as follows: "An administrator may not sell property held adversely to the estate by a third person; he shall first recover possession," and on the case of *Hall v. Armor,* 68 Ga. 449, which applied this Code section where the claim was interposed *after* the order authorizing sale and during the time it was being advertised for sale. The later case of *Hull v. Watkins,* 134 Ga. 779 (68 SE 506), dealing with a situation where the claim affidavit was filed *before* the order was passed granting leave to sell, thereby distinguishing *Hall,* held: "Where an administrator advertises that it is his intention to apply for leave to sell any real estate as the property of his intestate, and an affidavit is filed under the provisions of § 4630 [§ 113-1801] of the Civil Code before the order is passed granting leave to sell, and the claim affidavit so filed is duly transmitted to the superior court of the county where the property is situated, that court has jurisdiction, under the issue made up as prescribed in the Code section last referred to, to try the 'right of property,' and the issue submitted on the trial should not be so restricted as to determine the single question as to whether the property is held adversely to the administrator, but, under the issue made up under the circumstances stated above, the right of the administrator to have an order granting leave to sell and the necessity for such an order should be determined, as well as whether the property is held adversely to the administrator."

This holding was followed in the case of *Haynes v. Ellis,* 199 Ga. 702 (1) (35 SE2d 151) and in *Causey v. Causey,* 224 Ga. 458 (162 SE2d 372). The claim filed by the appellant here squarely raised in a court of competent jurisdiction all questions relating to the "right of property." Code § 113-1802. These questions include the right of the administratrix to an order for the sale of the land, the title to the property in controversy, and the right of the claimant to hold it as against the administratrix of the estate and the other heirs.

The trial court did not err in denying the appellant's motion for judgment on the pleadings.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 19, 1974 — DECIDED MAY 7, 1974.

*Alex Davis,* for appellant.
*Byrd, Groover & Buford, Garland T. Byrd, H. Thad Crawley,* for appellee.