## 30374. BARFIELD v. HILTON.

NICHOLS, Chief Justice.

This is the second appearance of this case in this court. On the first appearance (*Barfield v. Hilton,* 232 Ga. 235, 237 (206 SE2d 1) (1974)), it was held that the superior court did not err in denying appellant Barfield a judgment on the pleadings and that "the claim filed by the appellant here squarely raised in a court of competent jurisdiction all questions relating to the 'right of property.' Code § 113-1802. These questions include the right of the administratrix to an order for the sale of the land, the title to the property in controversy, and the right of the claimant to hold it as against the administratrix of the estate and the other heirs."

The administratrix of the estate of William James Owen Barfield had filed a petition in the Court of Ordinary of Taylor County requesting permission to sell a tract of land located in Taylor County for the reason that the heirs at law could not agree to divide the land in kind and that it was necessary to sell said land for the purpose of distribution and other purposes. The appellant filed a claim in which he asserted ownership of such property. Thereafter, the case was returned to the superior court and the judgment of the superior court denying the appellant a judgment on the pleadings was appealed and affirmed in the prior appearances in this court.

On remand the appellee administratrix sought a summary judgment which was granted. The present appeal is from the grant of such summary judgment and is the basis of the sole enumeration of error.

The effect of the grant of the summary judgment was that under no set of facts relied upon by the appellant can he hold the property against the administratrix and the

other heirs.

1. Code § 85-1005 provides: "There may be no adverse possession against a cotenant until actual ouster, or exclusive possession after demand, or express notice of adverse possession; in any of which events the cotenant may sue at law for his possession." While in the present case the appellant's possession was undisputed, it was also undisputed that there was no adverse possession prior to the filing of the petition requesting permission to sell the tract of land. In *Harris v. Mandeville,* 195 Ga. 251 (4) (24 SE2d 23) (1943) it was held: "A party who alleges title by prescription has the burden of proving it; and where it is contended that a former tenant in common acquired prescriptive title as against his former cotenants, the party asserting such contention has the burden of proving not only the usual elements of prescription, but also at least one of the conditions stated in the foregoing section as to cotenants. *Morris v. Davis,* 75 Ga. 169; *Morgan v. Mitchell,* 104 Ga. 596 (30 SE 792); *Strickland v. Strickland,* 147 Ga. 494 (5a), 498 (94 SE 766); *Cowart v. Strickland,* 170 Ga. 530 (4-7), (153 SE 415)." Inasmuch as under the record a finding for the claimant would not be authorized upon the ground of adverse possession, it was not error to grant the motion for summary judgment on this issue.

2. The appellant contends that it was improper to grant the summary judgment inasmuch as his deposition showed a settlement between the heirs of the estate. Appellant concedes that two of the heirs did not participate in such "settlement," and that there was no written agreement between himself and the other heirs.

While the appellant relies primarily upon cases which permit settlements between heirs to be enforced when otherwise such settlements would be invalid, yet the record in this case discloses a situation which would more aptly be described as a gift by the other heirs to the appellant. The appellant's deposition showed an agreement by the other heirs, present on the day of the funeral, that inasmuch as the appellant was the only one who had ever done anything for the deceased, he should have the tract of land then considered to be of relatively small value. An affidavit submitted by the appellant in

opposition to the motion for summary judgment of the appellee showed that pursuant to this agreement he took possession of said land and has been in exclusive possession from that date until the present; that he has paid the taxes on said property and claimed said property as his own against all persons; and "that claimant has fenced and cultivated said property."

"An oral gift of land becomes complete and irrevocable when the donee takes possession of the donated premises and, on faith of the gift, makes valuable improvements; and, as against the donor and those claiming under him with notice, a completed gift of land invests the donee with a perfect equitable title. Code §§ 37-804, 85-408. [Cits.] The sufficiency of the improvements which the donee must have made to complete a parol gift of land is a question for the jury to determine. *Looney v. Watson,* 97 Ga. 235 (22 SE 935)." *Sharpton v. Givens,* 209 Ga. 868 (76 SE2d 806) (1953). Accordingly, although the administratrix and others filed affidavits denying that any agreement had been made that the appellant should have the land in question, yet a jury question was presented on this issue and it was error to grant the motion for summary judgment.

3. Under the holding in the first division, there could be no judgment for the appellant on the issue of laches as to the two heirs who admittedly did not participate in the agreement.

For the reasons stated in the second division of this opinion, the judgment of the trial court granting summary judgment for the administratrix must be reversed.

*Judgment reversed. All the Justices concur.*

SUBMITTED SEPTEMBER 26, 1975 — DECIDED OCTOBER 21, 1975.

*Alex Davis,* for appellant.
*Garland T. Byrd, H. Thad Crawley,* for appellee.