## 31651. BARFIELD v. HILTON.

UNDERCOFLER, Presiding Justice.

This appeal involves a parol inter vivos gift of land. The jury found a gift had been made and rendered a verdict for the donee. The trial judge disagreed and granted a judgment *n.o.v.* The donee appeals. The critical question is whether there is evidence to support the jury's verdict that there was a promise to give by the donors. *Milton v. Milton,* 192 Ga. 778 (16 SE2d 573) (1941).

This is the third appeal of this case. See *Barfield v. Hilton,* 232 Ga. 235 (206 SE2d 1) (1974); *Barfield v. Hilton,* 235 Ga. 407 (219 SE2d 719) (1975).

William James Owen Barfield died on July 1, 1954. He owned approximately 80 acres of land, the subject of this lawsuit. His surviving heirs were a sister and twenty nieces, nephews, grand nieces and grand nephews of deceased brothers and sisters. After the funeral on July 2 it was shown, although disputed, that fourteen of the heirs assembled at Mr. Barfield's home which was located on the 80 acres. At that time Archie Barfield, one of the heirs, stated, "Well, here is the place, what are we going to do with it. It ain't worth nothing. Well, R. C. [appellant and claimant herein] has looked after him [the deceased] the most, cared for him. I am willing for him to have the place, it won't bring nothing." Two or three heirs who were not identified said, "Well, it suits me." The other heirs said nothing, did not indicate any assent, but voiced no objections. The property was woodland except for several acres in cultivation. The home was a log house. The taxes in 1954 and 1955 were $1.80 per year. Archie paid the taxes for 1954 and 1955 from funds of the deceased which he was holding. The land in 1954 was valued at $500. In 1962 appellant sold $1,500 of timber on

the land and used the funds to clear twenty acres. Thereafter appellant farmed the land. He fenced a portion of it and made some repairs to the house. Appellant claimed he had paid the taxes since 1956 although the tax bills were in the name of W. J. O. Barfield estate and there was evidence that the deceased's sister, until her death in 1964, had given to the appellant the money to pay the taxes. This controversy arose when appellee was appointed administratrix of W. J. O. Barfield's estate and in 1973 made application to sell the land for purposes of distribution.

"To constitute a valid parol gift of land, it is necessary not only that the donee should take possession under the gift, but that he should make valuable improvements thereon upon the faith of the donor's promise, or declared intention, to make the gift." *Hodgson v. Hodgson,* 28 Ga. App. 250 (1) (110 SE 754) (1921); *Sharpton v. Givens,* 209 Ga. 868 (76 SE2d 806) (1953).

Conceding but not deciding that the donee herein took possession of the land and made valuable improvements, the question still remains whether he did so on the faith of the donor's promise or declared intention to make the gift.

The donee has the burden of showing the promise to give. *Milton v. Milton,* 195 Ga. 130, 132 (23 SE2d 411) (1942).

The promise or intention to make the gift may be proved by direct or circumstantial evidence. *Poullain v. Poullain,* 76 Ga. 420, 441 (4 SE 92) (1886). "Loose expressions have been used with reference to the declaration by the donor of his intent to make the gift; and it is scarcely believed that the authors of them meant the full force of the meaning their language conveys. Thus it is common to say that, 'to constitute a gift, there must be an expression of intention to make a gift.' But it is believed that such is not the invariable rule, if it is meant thereby that there must be a verbal expression of an intent. The intention to give may be ascertained or may be made apparent or conveyed to the donee in other ways than by the use of verbal or written language." Thornton, Gifts and Advancements, p. 62, § 71 (1893). See *Evans v. Lipscomb,* 31 Ga. 71, 109 (1860). In some circumstances

even the silence of a party may be evidence. *Carter v. Buchanan,* 3 Ga. 513, 521 (1847). Thus cases such as *McLendon v. Johnson,* 69 Ga. App. 214, 223 (25 SE2d 53) (1943) which hold that a verbal expression is necessary to prove an intention to give are disapproved.

After a careful review of the record and transcript, we conclude, as did the trial judge, that the evidence here does not prove an intention to make a gift and accordingly the jury's verdict can not stand. In our opinion the statement by one of the heirs that "I am willing for him to have the place" was merely a suggestion that the heirs join in making a gift to appellant. It was a proposal for future action. It did not purport to be a gift in praesenti. It was not a statement that called for a denial or contradiction and silence did not imply a gift had been made. On the contrary, under the circumstances here the silence of a majority of the heirs was a rejection of the proposal and in our opinion shows there was no intention to make a gift of the property to appellant.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 15, 1976 — DECIDED JANUARY 5, 1977.

*Alex Davis,* for appellant.
*Garland T. Byrd, H. Thad Crawley,* for appellee.